PAUL D. PARKER, ADMINISTRATOR OF THE ESTATE OF PAUL CHEATHAM PARKER, DECEASED v. TRAVIS JACKSON FLYTHE AND CHARLES ALBERT BRITT.

(Filed 21 March, 1962.)

**1. Automobiles § 41d—**

Testimony as to skid marks, the location of the respective vehicles after the collision and of other physical facts at the scene, together with testimony of statements of one defendant after the accident and testimony of the other defendant upon the trial, *is held* insufficient to show or raise a reasonable inference that either defendant failed to keep his car on his right side of the highway or failed to yield one half the highway to the car driven by intestate in the opposite direction, and therefore nonsuit was correctly entered in plaintiff's action based upon defendants' violation of the statutes. G.S. 20-146 and G.S. 20-148.

**2. Negligence § 24a—**

In order to be sufficient to be submitted to the jury, evidence of negligence must raise more than a mere conjecture.

**3. Pleadings § 28—**

Plaintiff must prove his case in conformity with facts alleged in the complaint.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Paul, J.,* November Civil Term 1961 of NORTHAMPTON.

Administrator's action to recover damages for the alleged wrongful

death of his intestate, Paul Cheatham Parker, who died March 15, 1959.

The collisions referred to below occurred on March 15, 1959, about 12:15 a.m., on Highway #258, in Northampton County, between Woodland and Murfreesboro, approximately two and one-half miles north of Woodland. Highway #258, where the collision occurred, is straight and runs north-south.

Prior to said collisions, plaintiff's intestate, hereafter called Parker, was operating a 1954 Buick, defendant Britt was operating a 1955 Oldsmobile, and defendant Flythe was operating a 1957 Ford, on Highway #258. Parker was driving south toward Woodland. Britt and Flythe were driving north toward Murfreesboro.

Plaintiff alleged that, as Parker was meeting the cars operated by defendants, Flythe, in an attempt to overtake and pass Britt, drove into his (Flythe's) left lane and into the path of Parker's oncoming car. Plaintiff alleged that, on account of the negligence of defendants, in particulars set forth, defendants' cars, successively, collided with Parker's car, and the two collisions proximately caused Parker's death.

Defendants, answering separately, denied all allegations as to their negligence; and each defendant, for a further defense and as a counterclaim, alleged the collision involving his car was proximately caused by the negligence, in particulars set forth, of Parker. Each defendant alleged he saw the Parker car "swerve across the center line of said highway," and that he "attempted to propel his car out of the path" of the Parker car but was unable to do so. Flythe alleged the Parker car "ran into the left front side of and collided with" the Flythe car. Britt alleged the Parker car "ran into the front end of and collided with" the Britt car.

Plaintiff, by replies, denied the allegations set forth in the further defense and counterclaim of each defendant.

At the close of plaintiff's evidence, the court, allowing defendants' motions therefor, entered judgment of nonsuit as to each defendant and dismissed plaintiff's action. Each defendant having announced he would take a voluntary nonsuit as to his counterclaim, the court also ordered "that the counterclaim of each defendant be dismissed as of voluntary nonsuit."

Plaintiff excepted and appealed.

*James R. Walker, Jr., and Samuel S. Mitchell for plaintiff appellant.*
*Martin & Flythe for defendants appellees.*

BOBBITT, J. Immediately after said collisions, Parker was dead.

The evidence was sufficient to support a finding that his death was proximately caused by one or both of the collisions.

The paved portion of the highway was approximately 22 feet wide. On the east side, there was an eight-foot shoulder. On the west side, the shoulder was "maybe 6 feet or 7 feet."

In determining what proximately caused the collisions, the crucial question is which driver or drivers failed to drive "upon the right half of the highway" in violation of G.S. 20-146 and failed to give to the other "at least one-half of the main-traveled portion of the roadway" in violation of G.S. 20-148. To establish his allegations as to what proximately caused the collisions, plaintiff offered (1) the testimony of D. S. Skiles, the investigating State Highway Patrolman, and (2) the testimony of defendant Britt, called and examined (at trial) as an adverse witness.

Skiles testified in detail as to what he observed upon his arrival at the scene of the collisions and as to what Flythe and Britt then told him had occurred. Skiles' testimony, summarized or quoted, bearing upon physical conditions observed by him, is set forth below.

After the collisions, the Flythe car was north of the Parker car and the Parker car was north of the Britt car. The Britt car was across the highway, at right angles thereto, a portion in each highway lane, fronting toward the east. The left front, including fender, light, hood and grille, were damaged. The Parker car was 15-16 feet north of the Britt car. It was on the east shoulder, facing east, "with the right side ... making an acute angle with the east edge of the highway." The left headlight and the windshield of the Parker car were gone. The principal damage was to the left front, extending to the fire wall. The right front door was also damaged.

Debris was on both sides of the center line of the highway, in the area between the Parker and Britt cars and under the Britt car. A nine-foot skid mark, made by the Britt car, was in the east lane of the highway. Skid and scuff marks made by the Parker car were in the east lane of the highway. No marks made by the Parker car were in the west lane.

Parker's body was in the (west) lane for southbound traffic, near the center line, a short distance south of the Britt car.

The Flythe car was on the west shoulder, facing a ditch, "the back part of the car sticking over the pavement approximately two feet and a half or maybe three feet or better." The entire left front was severely damaged. Tread marks, made by the left front wheel of the Flythe car, started "just to the right of the white line" and continued in an arc, first curving to the east (Flythe's right) and thereafter curving to the west and crossing the center. During all or part of its said course,

the mark was made, apparently, by the rim of the left front wheel of the Flythe car. When it came to rest, the Flythe car was 129 feet from the area of the debris.

Skiles testified, on direct examination, as to these statements made by Flythe at the scene of the collisions. Flythe said "he was traveling along on his right-hand side headed to Murfreesboro," and that the Parker-Flythe collision occurred when the Parker car "cut to its left into his side" and he (Flythe) pulled to his right. Flythe also said the Parker "car swerved over to his left and he (Flythe) pulled to his right and struck the vehicle and lost control of it and there is where it landed."

Britt testified, on examination by plaintiff's counsel, that he was following, and was never in front of, the Flythe car; that, when he last saw the taillights thereof, the Flythe car was 50-75 yards ahead of him; and that Flythe's taillights disappeared and Parker's lights "flew in (his) face" and "were coming right across the lane to (him)."

After careful consideration, we are of opinion, and so decide, that the evidence when considered in the light most favorable to plaintiff, does not show, and does not permit a reasonable inference, that either Flythe or Britt, at the time of the collision, was operating his car to his left of the center of the highway. Whether the evidence as to physical conditions is considered alone or in combination with (1) the testimony as to Flythe's statements to Skiles and (2) the testimony of Britt, the same conclusion is reached.

The sufficiency of plaintiff's evidence must be tested in the light of well settled legal principles recently stated in *Boyd v. Harper*, 250 N.C. 334, 339, 108 S.E. 2d 598, and in cases cited therein. As stated by *Brogden, J.*, in *Grimes v. Coach Co.*, 203 N.C. 605, 609, 166 S.E. 599: "In the present case, deductions, inferences, theories and hypotheses rise and run with the shifting turns of interpretation, but proof of negligence must rest upon a more solid foundation than bare conjecture."

It is noted: There was no evidence sufficient to show the factual situation alleged by plaintiff as the basis for his allegations of negligence, namely, that Flythe, in an attempt to overtake and pass Britt, drove into his (Flythe's) left lane and into the path of Parker's oncoming car. According to Britt's uncontradicted testimony, Britt was never in front of Flythe. See *Sowers v. Marley*, 235 N.C. 607, 611, 70 S.E. 2d 670. "Plaintiff must prove his case in conformity with the facts he alleges to create liability." *Bundy v. Belue*, 253 N.C. 31, 36, 116 S.E. 2d 200, and cases cited.

On account of plaintiff's failure to offer evidence sufficient to support

a finding that negligence, if any, on the part of defendants, or either of them, proximately caused Parker's death,. the judgment of nonsuit, as to each defendant, is affirmed.

Affirmed.

SHARP, J., took no part in the consideration or decision of this case.