EDNA FOUST HARRIS DIXON, EXECUTRIX OF THE ESTATE OF JOHN DANIEL DIXON, DECEASED v. CHARLIE WEBSTER EDWARDS, JULIA CLARK EDWARDS, AND LARRY JOSH EDWARDS, BY AND THROUGH HIS GUARDIAN AD LITEM JULIA CLARK EDWARDS.

(Filed 20 October, 1965.)

1. Trial § 21—

On motion to nonsuit, plaintiff's evidence, together with those portions of defendant's evidence, if any, which are favorable to plaintiff, must be considered in the light most favorable to plaintiff, and defendant's evidence which tends to establish a different state of facts or to contradict or impeach plaintiff's evidence must be disregarded.

**2. Appeal and Error § 51—**

On appeal from the denial of motion for judgment of nonsuit, all the relevant evidence admitted by the court, whether competent or not, must be accorded its full probative force in determining the correctness of the court's ruling.

**3. Automobiles §§ 38, 41c— Nonsuit is proper when plaintiff fails to introduce evidence to establish negligence of defendant driver and that such negligence was the proximate cause of injury.**

The accident in suit occurred when the respective vehicles, traveling in opposite directions, collided. Plaintiff offered testimony of an expert, based on his examination of the vehicles and the scene of the accident after the collision, as to the angle of impact between the vehicles, the parts which first collided, the amount of overlap, and what the angle of impact between the two vehicles would have been and the direction in which each would have rotated following the collision if, immediately prior to the time of impact, the two vehicles had been proceeding as testified to by defendant's witness. The expert did not express any opinion as to the location of the two vehicles on the highway immediately prior to the collision. *Held:* The crucial fact was which vehicle was over the center line of the highway at the time of the collision, and plaintiff having failed to offer any evidence tending to show that defendant's vehicle was to the left of the center, nonsuit should have been entered. Whether the testimony of the expert was competent, *quaere?*

**4. Appeal and Error § 40—**

Judgment on the verdict will not be disturbed in the absence of error in the trial sufficiently prejudicial to have affected the result.

APPEAL by defendants, Charlie Webster Edwards and Larry Josh Edwards, from *Bone, E.J.,* 12 April 1965 Civil Session of PITT.

This is an action to recover damages for the wrongful death of John Daniel Dixon. The defendant Charlie Webster Edwards counterclaims for damages to his 1960 Chevrolet automobile, and the defendant Larry Josh Edwards counterclaims for damages for personal injuries.

On 3 August 1963, at approximately 4 p.m., the 1960 Chevrolet automobile, owned by the defendant Charlie Webster Edwards as a family purpose vehicle and operated as such by his minor son, Larry Josh Edwards, and the 1963 Chevrolet automobile, owned and operated by John Daniel Dixon, collided near Chocowinity on an unpaved road, known as the old Blount's Creek Road. In the collision John Daniel Dixon sustained injuries from which he died almost instantly. Larry Josh Edwards sustained injuries, and both automobiles were severely damaged. The Edwards automobile was proceeding westwardly. The Dixon automobile was proceeding eastwardly. At the point of collision the road is approximately 18 feet in width, with a ditch of substantial depth on either side.

Mrs. Julia Clark Edwards, wife and mother of the other defendants, respectively, was originally joined as a defendant, it being alleged that she was a co-owner of the automobile and, therefore, liable for negligence, if any, of Larry Josh Edwards. At the trial in the superior court it was stipulated that Charlie Webster Edwards was the sole owner of the vehicle. The plaintiff thereupon took a voluntary nonsuit as to Mrs. Edwards.

The complaint alleges that the minor defendant was negligent in that he drove the Edwards car at a speed which was greater than was reasonable under the circumstances then existing, operated it upon the left of the center of the road, failed to maintain a proper lookout and failed to apply his brakes, which negligence is alleged to have been the proximate cause of the collision and of the death of plaintiff's testator.

Each defendant filed an answer denying these allegations and alleging that if the minor defendant was negligent in the operation of the Edwards car, the deceased was contributorily negligent in that he drove his automobile without keeping a proper lookout, while under the influence of intoxicating liquor and at an excessive speed and was also contributorily negligent in that he failed to drive his automobile upon the right half of the road, and failed to give to the minor defendant one half of the main traveled portion of the road. In their respective counterclaims the defendants allege that these acts and omissions by the deceased were the sole proximate cause of the collision and of the damages sustained by the defendants.

The jury answered the issues of negligence and contributory negligence in favor of the plaintiff and found her damages to be $20,000.

The defendants appeal from a judgment entered in accordance with the verdict. They assign as error the overruling of their motions, renewed at the end of all of the evidence, for nonsuit of the plaintiff's action. They also assign as error the rulings of the court finding William E. Billings, a witness for the plaintiff, to be qualified to testify as an expert mechanical engineer specializing in the field of traffic accident reconstruction and permitting him to state his opinions relative to the point of impact upon each car, the angle between the cars at the moment of impact, what the angle of impact and the subsequent movements of the two cars would have been had the collision occurred as testified to by the defendants' witness, and certain other circumstances of the accident. The defendants also assign as error other rulings of the court, a discussion of which, in detail, is not necessary to the determination of this appeal.

Sixteen days after the accident, Billings came to North Carolina and examined the two automobiles involved. He described the damage sus-

tained by each, using photographs to illustrate his testimony. Over ob-jection, in response to hypothetical questions proper in form, he was permitted to state that, in his opinion, the angle of impact between the left sides of the two cars was between five and ten degrees, with the Edwards automobile traveling into the left side of the Dixon auto-mobile, and that, in his opinion, the portions of the vehicles which first collided were the left fronts of both vehicles, the amount of overlap of one front over the other being approximately eight inches. He then testified, on the basis of measurements by him 16 days after the acci-dent, concerning the width of the road at the scene of the collision, which he found to be 18 feet, the width and depth of the drainage ditch on each side, and the grade of the road from west to east, which was an upgrade of 3.6 per cent.

Following testimony offered by the defendants, set forth below, Billings was recalled by the plaintiff. At that time, over objection, in response to hypothetical questions proper in form, he was permitted to testify that: In his opinion, if a collision occurred in the manner stated by the defendants' witness, the Dixon car would rotate counter-clock-wise and the Edwards car would be pushed rearward into the ditch; when he examined the Edwards car he found no damage to its rear bumper but found the metal panel dented at the right corner of the rear bumper and dirt and grass under that corner of the bumper; had the impact occurred as testified to by the witness for the defendants, the angle of impact between the left sides of the vehicles would, in his opinion, have been 20 degrees; and, in his opinion, the damage to the Dixon car is inconsistent with the action as described by the witness for the defendants. In addition to the testimony of the witness Billings and evidence as to the age, health, occupation, earnings and living ex-penses of the deceased, the plaintiff introduced the mortuary table showing the life expectancy of a person 55 years of age to be 19.46 years, and testimony to the effect that:

The Dixon car was severely damaged on the left front and on the left side back to the rear door; the windshield was knocked out and the top was bent; the Edwards car was damaged extensively at the left front; the cars came to rest with the Edwards car sitting across the road with its right rear bumper against the bank of the north ditch and the front end pointed almost south, and about three feet from the Dixon car; the right side of the Dixon car was flush against the em-bankment of the south ditch, the width of the ditch being approxi-mately three feet; the car was from three to four feet on the road sur-face; there were no marks on the dirt road, which was hard and dry, except one pointed in a northwesterly direction, a 45 degree angle from

the left front tire of the Dixon car, and one from the left rear wheel of the Dixon car in a more northerly direction; these marks were traceable approximately 18 inches to two feet, beyond which points footsteps of many people walking about the scene made identification of marks on the road impossible; and there was broken glass all over the road. The odor of alcohol was present about the Dixon car; in the car there was broken glass from a pint bottle of Ancient Age whiskey bearing an ABC store stamp, paper cups, but no paper bag of the type used by the ABC store in which to put purchases by its customers.

The evidence offered by the defendants may be summarized as follows:

The minor defendant, accompanied by his younger brother, was driving west at a speed between 35 and 40 miles per hour as they drove up and over the hill. When they could see over the hill they observed the Dixon car, approximately a quarter of a mile away, traveling east, approaching them at a rate of speed between 70 and 80 miles per hour and being driven in the middle of the road. The minor defendant pulled to his right, reduced his speed and continued on for 254 feet to the point of impact. At the moment of collision he was driving at approximately four miles per hour and was only some six inches from the ditch on his side of the road. At all times before the impact all parts of the Edwards car were on its right side of the center of the road.

The Dixon car continued to travel in the middle of the road until approximately a car length from the Edwards automobile, at which point it appeared that the deceased turned his wheels to the right, applied his brakes and slid sideways into the Edwards automobile, the left front of the Dixon car striking the left front of the Edwards car. At the time of the impact the Dixon car was traveling at a speed of approximately 70 miles per hour.

The minor defendant was injured in the collision. He had a cut on the top of his head, which required eight stitches to close, and four upper teeth and one lower front tooth were broken, requiring their removal.

On the day of the accident, after lunch, the deceased purchased at the ABC store in Grimesland two pint bottles of Ancient Age whiskey, which the clerk in the store put in a bag, the seals of the bottles being then intact. After the accident broken glass from such a bottle was found in the Dixon car. The neck of the bottle was not broken but the seal was broken and no paper bag was observed.

Prior to the accident, and approximately a mile west of the scene of it, the defendants' witness Purser was driving his own automobile upon this road in a westerly direction. He met the Dixon automobile, which

was then being driven partially on its left side of the center of the road so that Purser had to pull over and put two of his wheels in the ditch in order to allow the Dixon car to pass. The Dixon car was then "weaving a little bit." The driver of the Dixon car, a white male, was the only person in it at that time. It was then traveling at a speed of 50 miles per hour.

Over objection, the minor defendant stated on cross-examination that he was convicted of operating an automobile on the wrong side of the road on an occasion after this accident and on another occasion, apparently prior to this accident, he was convicted of having an improper muffler.

*Mayo & Mayo, James & Speight, and W. H. Watson for defendant appellants.*

*Lewis & Rouse for plaintiff appellee.*

LAKE, J. As is carefully pointed out in the brief of the plaintiff appellee, the witness Billings did not express any opinion as to the location of the two vehicles on the highway immediately prior to the collision, which is the crucial point upon which liability depends in this case. The opinions stated by him, over objection, related to the angle of impact between the left sides of the two automobiles, the parts of the two automobiles which first collided, the amount of overlap between the left fronts of the two cars at the moment of collision and what the angle of impact between the two vehicles would have been and the direction in which each would have rotated following the collision if, immediately prior to the impact, the two vehicles had been proceeding as testified to by Michael Edwards, brother of the minor defendant, who was riding with him.

There is a sharp conflict between the decisions by courts of other jurisdictions as to the admissibility of the opinion of an expert in traffic accident reconstruction based upon his study, after the occurrence, of the damage to the vehicles, their movements after colliding, and other physical evidence at the scene. In Virginia and California, among other jurisdictions, it has been held that such evidence is not competent to show the point upon the highway at which the collision occurred. *Venable v. Stockner,* 200 Va. 900, 108 S.E. 2d 380; *Francis v. Sauve,* 34 Cal. Rptr. 754, 222 Cal. App. 2d 102. Wisconsin and Oklahoma are among the jurisdictions which have allowed such evidence to be introduced for that purpose. *Henthorn v. M.G.C. Corp.,* 1 Wis. 2d 180, 83 N.W. 2d 759; *Tuck v. Buller* (1957 Okla.), 311 P. 2d 212, 66 A.L.R. 2d 1043. For collections of authorities on both sides of the question, see:

8 Am. Jur. 2d Automobiles and Highway Traffic, § 989; Anno: 66 A.L.R. 2d 1048.

Apparently, this specific question has not been decided by this Court and it is not necessary to decide it now since the witness did not express an opinion as to the point in the highway at which the Edwards and Dixon vehicles collided.

At the close of all of the evidence the defendants renewed their motion for judgment as of nonsuit, such motion having been made and overruled at the conclusion of the plaintiff's evidence. Upon this motion the evidence offered by the plaintiff, together with those portions, if any, of the defendants' evidence which are favorable to the plaintiff, must be considered in the light most favorable to the plaintiff and to the exclusion of all evidence by the defendants which tends to establish a different state of facts or to contradict or impeach the testimony presented by the plaintiff. *Coleman v. Colonial Stores, Inc.,* 259 N.C. 241, 130 S.E. 2d 338; *Ammons v. Britt,* 256 N.C. 248, 123 S.E. 2d 579. All relevant evidence admitted by the trial court, whether competent or not, must be accorded its full probative force in determining the correctness of its ruling upon a motion for judgment as of nonsuit. *Ballard v. Ballard,* 230 N.C. 629, 55 S.E. 2d 316. We have so considered the testimony of the witness Billings. It is not necessary upon this appeal to determine its competency.

Applying these rules, there is no evidence to show that the Edwards car was on its left of the center of the traveled portion of the road at or prior to the time of the collision. No inference may reasonably be drawn from the testimony of the witness Billings that the Edwards car was being driven on its left of the center of the road. There is no evidence of unreasonable speed of the Edwards car or of any failure by the minor defendant to maintain a proper lookout or to apply his brakes or of any failure by him in any other duty owed to plaintiff's testator. Disregarding entirely the testimony offered by the defendants as to the position of the automobiles upon the road before and at the time of the impact, this fact is left to conjecture. Since the burden of proof is upon the plaintiff to show that the minor defendant was negligent in the operation of the Edwards vehicle and that his negligence was the proximate cause of the collision, the motion for judgment as of nonsuit as to the plaintiff's cause of action, made by the defendants at the close of all of the evidence, should have been allowed. *Parker v. Flythe,* 256 N.C. 548, 124 S.E. 2d 530; *Boyd v. Harper,* 250 N.C. 334, 108 S.E. 2d 598; *Williamson v. Randall,* 248 N.C. 20, 102 S.E. 2d 381; *Parker v. Wilson,* 247 N.C. 47, 100 S.E. 2d 258; *Cheek v. Brokerage Co.,* 209 N.C. 569, 183 S.E. 729; *Grimes v. Coach Co.,* 203 N.C. 605, 166 S.E. 599.

We have considered each of the other assignments of error by the defendants. In each instance the ruling of the court below was either correct or was not sufficiently prejudicial to the defendants to entitle them to a new trial upon their respective counterclaims.

Under full and proper instructions the jury found that neither of the defendants was injured or damaged by the negligence of the plaintiff's testator, John Daniel Dixon. So much of the judgment below as provides that the defendants, Larry John Edwards and Charlie Webster Edwards, recover nothing of the plaintiff on their respective counterclaims is, therefore, affirmed. For the reasons above stated, the verdict in favor of the plaintiff upon the first and third issues is set aside, and that portion of the judgment providing that the plaintiff recover damages of the defendants together with the costs of this action is reversed. The cause is remanded to the superior court for the entry of a judgment in accordance with this opinion.

Affirmed in part.

Reversed in part.