GLENN IVAN LYLE (MINOR) BY HIS NEXT FRIEND, G. EVANS LYLE AND G. EVANS LYLE v. DIANNE BRAY THURMAN AND JOE MANLEY BRAY

No. 7119SC397

(Filed 23 June 1971)

Automobiles § 57— intersection accident —. insufficiency of evidence of negligence

> Plaintiff's evidence was insufficient to be submitted to the jury on the issue of defendant's negligence in this action to recover damages sustained in a collision between plaintiff's motorcycle and defendant's car at an intersection controlled by a traffic signal.

Chief Judge MALLARD concurs in the result.

APPEAL by plaintiffs from *May, Special Judge,* 30 November 1970 Session of Superior Court held in RANDOLPH County.

Action to recover damages resulting from a collision by a motorcycle, operated by plaintiff, with defendant's automobile on 2 August 1965. At the conclusion of plaintiffs' evidence defendants moved for a directed verdict for the reason that plaintiffs had offered no evidence tending to show actionable negligence on the part of defendants. The motion was granted and judgment dismissing the action was entered.

Plaintiffs appealed.

*John Randolph Ingram for plaintiff appellants.*

*Smith and Casper by Archie L. Smith for defendant appellees.*

Lyle v. Thurman

VAUGHN, Judge.

In considering the question of whether plaintiffs' evidence is sufficient to withstand defendants' motion for a directed verdict, we are guided by the well-established principles that prevailed under our former procedure with respect to the sufficiency of evidence to withstand a motion for nonsuit. The evidence, in the light most favorable to plaintiffs, tended to show the following. At sometime shortly before the accident, the minor plaintiff was operating his motorcycle in a southerly direction along Elm Street in Asheboro. He does not remember the accident or how he got to the scene of the accident. He last remembers stopping for a stoplight at the intersection of Elm and Brewer Streets, some two blocks from the intersection of Elm and Salisbury where the accident occurred.

Plaintiffs called the defendant operator whose testimony, in the light most favorable to plaintiffs, was as follows: Shortly after 11:00 p.m. she was proceeding in an easterly direction along Salisbury Street, en route from the factory where she worked to her home. As she approached the intersection of Salisbury and Elm Streets, the traffic light changed from red to green. Her headlights were on. There was nothing to obstruct her view of the intersection. She saw no vehicles in the intersection and proceeded into the intersection with the green light at a speed of not more than 20 to 25 miles per hour. After she entered the intersection something hit the left side of her car.

The investigating officer's testimony was to the effect that when he arrived at the scene, the front of defendant's automobile was 123 feet east of the center of the intersection. The traffic light was located in the center of the intersection. The front of plaintiff's motorcycle was lodged between the left front wheel and bumper of defendant's automobile. Plaintiff was lying 73 feet east of the intersection at the edge of the pavement. There were some "pressure marks" on the highway east of the intersection. There was a scrape in the asphalt leading from almost directly under the stoplight to a metal bar on the motorcycle. The defendant operator told him: that she never applied her brakes until after the collision; that after she heard the bump she heard a dragging noise that sounded like metal and she then stopped her vehicle; and that she did not see the motorcycle until after she got out of the car.

This evidence, taken in the light most favorable to plaintiffs, shows an accident in which plaintiff was injured and his motorcycle damaged.

" ' Negligence is not presumed from the mere fact that plaintiff's intestate was killed in the collision.' *Williamson v. Randall,* 248 N.C. 20, 25, 102 S.E. 2d 381; *Robbins v. Crawford,* 246 N.C. 622, 628, 99 S.E. 2d 852. However, direct evidence of negligence is not required, but the same may be inferred from facts and attendant circumstances. *Etheridge v. Etheridge,* 222 N.C. 616, 618, 24 S.E. 2d 477. But in a case such as this, the plaintiff must establish attendant facts and circumstances which reasonably warrant the inference that the death of his intestate was proximately caused by the actionable negligence of the defendants. *Robbins v. Crawford, supra; Whitson v. Frances,* 240 N.C. 733, 737, 83 S.E. 2d 879; *Sowers v. Marley,* 235 N.C. 607, 70 S.E. 2d 670. In *Parker v. Wilson,* 247 N.C. 47, 53, 100 S.E. 2d 258; *Parker, J.,* speaking for the Court said: 'Such inference cannot rest on conjecture or surmise. *Sowers v. Marley, supra.* "The inferences contemplated by this rule are logical inferences reasonably sustained by the evidence, when considered in the light most favorable to the plaintiff." *Whitson v. Frances, supra.* "A cause of action must be something more than a guess." *Lane v. Bryan,* 246 N.C. 108, 97 S.E. 2d 411. A resort to a choice of possibilities is guesswork not decision. *Hanrahan v. Walgreen Co.,* 243 N.C. 268, 90 S.E. 2d 392. To carry his case to the jury the plaintiff must offer evidence sufficient to take the case out of the realm of conjecture and into the field of legitimate inference from established facts.' . . . " *Boyd v. Harper,* 250 N.C. 334, 108 S.E. 2d 598.

There being no evidence to support a legitimate inference that plaintiffs' damages were proximately caused by defendants' negligence, a directed verdict for defendants was proper and is affirmed.

Affirmed.

Judge PARKER concurs.

Chief Judge MALLARD concurs in the result.