JOHN PREVATTE v. EARLIE CABBLE AND LEROY CABBLE

No. 7420SC837

(Filed 5 February 1975)

**Automobiles § 50— two car collision — sufficiency of evidence of negligence**

In an action to recover for personal injuries suffered as a result of a collision with a car driven by defendant, the trial court erred in directing verdict for defendant where evidence of the physical facts of the accident scene, together with defendant's plea of guilty to the offense of driving an automobile at a speed greater than reasonable and prudent, was sufficient to support a reasonable inference that defendant was negligent and his negligence was a proximate cause of the collision.

APPEAL by plaintiff from *Seay, Judge,* 28 May 1974 Session of Superior Court held in RICHMOND County. Argued before the Court of Appeals 14 January 1975.

Plaintiff instituted this civil action to recover $100,000.00 damages for personal injuries suffered as a result of a collision with a car owned by Leroy Cabble and driven by Earlie Cabble. The collision occurred on 23 December 1970 at about 9:00 p.m. on Highway 74 in Richmond County. At the time of the collision, Highway 74, a two-lane blacktop, was being widened to four lanes with two northern lanes for westbound travel and two southern lanes for eastbound travel. A grass median separated the westbound and eastbound lanes. Only two lanes were open at the time of the accident, and a connecting strip had been constructed so that traffic could pass across the median. On 23 December 1970 plaintiff was driving east on Highway 74, and defendant Earlie Cabble was driving west. The two cars met on the connecting strip and collided. Plaintiff suffered injuries and was confined to the hospital for extensive medical treatment.

Plaintiff complains that the collision was caused by defendant Earlie Cabble's negligence in operating his vehicle carelessly and at a speed greater than was reasonable under the circumstances and by his failure to maintain a proper lookout. Plaintiff alleges that defendant Earlie Cabble's negligence is imputed to defendant Leroy Cabble, the owner of the car. Defendants deny that they were negligent and contend that the collision was caused by plaintiff's negligence.

Prevatte v. Cabble

At trial plaintiff offered evidence which, taken in the light most favorable to him, tends to show the following: Prior to the collision, plaintiff was driving in the right-hand lane at the speed of 35 or 40 miles per hour. After the collision plaintiff's car was found, burning, approximately 500 feet from the highway on a steep embankment. The left side of plaintiff's car was completely demolished. The left front door of plaintiff's car had been ripped off by the force of the impact and was lying in plaintiff's right-hand lane. Other debris was found in plaintiff's lane, but none was found in defendant Earlie Cabble's lane. Plaintiff's car was consumed by fire. Plaintiff was found lying on the edge of the highway. Cabble's car was found west of the connecting strip, on the southern part of the highway, some 50 feet beyond a group of barricades. It had sustained extensive damage on the left front side. The highway patrolman who investigated the collision charged defendant Earlie Cabble with driving an automobile at a speed greater than was reasonable and prudent under the circumstances. Cabble waived trial and pleaded guilty.

At the conclusion of plaintiff's evidence, defendants made a motion for a directed verdict on the grounds that plaintiff had failed to show negligence on the part of defendants and, further, that plaintiff had failed to show that any negligence on the part of defendants was the proximate cause of his injuries. The trial court granted the directed verdict motion.

*Jones & Mason, by F. O'Neil Jones, for the plaintiff-appellant.*

*Leath, Bynum & Kitchin, by Fred W. Bynum, Jr., for the defendants-appellee.*

BROCK, Chief Judge.

The sole assignment of error challenges the granting of defendants' motion for directed verdict. It is plaintiff's contention that evidence of the plea of guilty to the offense of driving an automobile at a speed greater than reasonable or prudent is, when taken with physical facts of the evidence, enough to withstand the motion.

In four cases involving two car collisions in which the basic issue was in whose lane the collision occurred, the Supreme Court established certain principles which we find applicable. In *Dixon v. Edwards,* 265 N.C. 470, 144 S.E. 2d 408, two cars

collided on an unpaved road, and defendant was charged with driving a car at a speed greater than was reasonable under the circumstances. The plaintiff's evidence consisted of the testimony of an expert witness who examined the automobiles sixteen days after the collision. Based on his observations, and in response to hypothetical questions propounded over objection, the expert laid the blame for the collision on the defendant's negligence. The court found that no inference could reasonably be drawn from this testimony that the defendant's car was being driven left of the center of the road and stated that defendant's motion for nonsuit should have been allowed. In *Parker v. Flythe,* 256 N.C. 548, 124 S.E. 2d 530, plaintiff alleged that defendant drove his car across the center line and collided with plaintiff's intestate's car. Plaintiff introduced evidence concerning the relative position of the cars but was unable to offer additional evidence. The court held that this evidence did not permit a reasonable inference of negligence on the part of defendant and affirmed the judgment of nonsuit as to defendant. In a more recent case, *Lyle v. Thurman,* 11 N.C. App. 586, 181 S.E. 2d 813, this Court reached the same result when the plaintiff's evidence failed to indicate how the collision occurred or who was at fault. A judgment of involuntary nonsuit was also affirmed in *Boyd v. Harper,* 250 N.C. 334, 108 S.E. 2d 598, when plaintiff could not show, other than by inference, that his intestate died because of the negligence of defendant. However, the court stated that "direct evidence of negligence is not required, but the same may be inferred from attendant facts and circumstances." 250 N.C. at 339. We do not believe, therefore, that eyewitness testimony is essential in a case involving a two-car collision. In our opinion the case at bar is distinguishable from the cases cited above, and the evidence, which is much stronger here, is sufficient to support a reasonable inference that defendant Earlie Cabble was negligent in crossing the center line of the road and that his negligence was a proximate cause of the collision.

It is clear that when a defendant moves for a directed verdict under Rule 50(a) of the North Carolina Rules of Civil Procedure, the trial court must consider all the evidence in the light most favorable to the plaintiff. "Whether [this] evidence is sufficient to create an issue of fact for the jury is solely a question of law to be determined by the court." Wright and Miller, Federal Practice and Procedure, § 2524 (1971).

We believe that, in this case, the evidence justifies a reasonable inference that defendant was negligent and that his negligence was a proximate cause of the collision. In our opinion this is not a case in which reasonable and prudent men, in the exercise of impartial judgment, would reach but one conclusion that there was no evidence of actionable negligence. Therefore, the granting of the directed verdict as to defendant Earlie Cabble was error. However, because there was no evidence that the car driven by defendant Earlie Cabble either was owned by defendant Leroy Cabble or was registered in his name, the granting of the directed verdict in favor of defendant Leroy Cabble was proper.

Affirmed as to defendant Leroy Cabble.

New trial as to defendant Earlie Cabble.

Judges BRITT and CLARK concur.