SANDRA BISHOP, ADMINISTRATRIX OF THE ESTATE OF KEITH LAMONT BISHOP, DECEASED v. ROANOKE CHOWAN HOSPITAL, INC.; BESSIE SMALL, AND EUNICE BOYETTE, ADMINISTRA-TRIX OF THE ESTATE OF DR. DANIEL T. BOYETTE, DECEASED

No. 766SC424

(Filed 3 November 1976)

*Appeal and Error § 59— ruling on motion for judgment n.o.v. — competent and incompetent evidence considered*

Since all relevant evidence admitted by the trial court, whether competent or not, must be accorded its full probative force in determining the correctness of its ruling upon a motion for judgment n.o.v., the trial court erred in granting defendants' motion for judgment n.o.v. in a wrongful death action based on defendants' contention that the testimony of a pathologist was the only evidence of causation and that testimony was incompetent and inadmissible because of the incompetency of a hypothetical question asked of the pathologist.

APPEAL by plaintiff from *Cowper, Judge.* Judgment entered 12 December 1975, in Superior Court, HERTFORD County. Heard in Court of Appeals 23 September 1976.

Plaintiff, by this action, seeks to recover damages for the alleged wrongful death of Keith Lamont Bishop, her infant son. At the close of plaintiff's evidence, defendants moved for directed verdict. The motion was denied, whereupon defendants presented evidence and, at the close of all the evidence, renewed the motion for directed verdict. The motion was again denied. The jury returned a verdict for plaintiff, and defend-

ants moved for judgment notwithstanding the verdict. This motion was allowed, and plaintiff appealed.

*John H. Harmon and Moore and Moore, by Milton H. Moore, for plaintiff appellant.*

*Smith, Anderson, Blount & Mitchell, by Samuel G. Thompson, for defendant appellees.*

MORRIS, Judge.

At trial, prior to the introduction of any evidence, plaintiff elected to take a voluntary dismissal, with prejudice, as to the defendant Eunice Boyette, Administratrix of the Estate of Dr. Daniel T. Boyette, deceased.

Plaintiff's intestate, an 8-month-old baby, was a patient in defendant hospital, and defendant Bessie Small was employed by the hospital as a nurse's aide. During the time deceased was hospitalized, he occupied a small bed with rails on all sides to prevent him from falling. Plaintiff alleged that defendant Small lowered the rails on one side of the bed, left the baby unattended, and he fell to the floor suffering head injuries which subsequently caused his death five days after the fall. The fall occurred on 11 September 1973, and the infant was discharged from the hospital on 12 September 1973. On 15 September 1973, the infant, who was then at the home of his mother, became violently ill and was returned to the hospital where he died the next day.

The evidence for plaintiff included testimony of the pathologist who performed an autopsy upon the baby's body and testified that death was the result of a subdural hematoma bilateral. In response to a hypothetical question, he was allowed to answer, over objection, that the fall from the crib could have caused the subdural hematomas which resulted in death. Included in the hypothetical question were facts which were not then in evidence. The missing facts were later supplied by witnesses, but the pathologist was not recalled to testify further.

Defendants contend that the court properly allowed their motion for judgment notwithstanding the verdict, because the testimony of the pathologist was the only evidence of causation, and that testimony was incompetent and inadmissible because of the incompetency of the hypothetical question.

Bishop v. Hospital

However our Supreme Court, speaking through Justice Lake, has said:

> "All relevant evidence admitted by the trial court, whether competent or not, must be accorded its full probative force in determining the correctness of its ruling upon a motion for judgment as of nonsuit, *Ballard v. Ballard,* 230 N.C. 629, 55 S.E. 2d 316." *Dixon v. Edwards,* 265 N.C. 470, 476, 144 S.E. 2d 408 (1965).

See also *Jenkins v. Starrett Corp.,* 13 N.C. App. 437, 186 S.E. 2d 198 (1972). A motion for directed verdict presents substantially the same question as that under the old motion for judgment as of nonsuit. *Jenkins v. Starrett Corp., supra,* and "[t]he standard for granting judgment notwithstanding the verdict is precisely the same as the standard for directing a verdict." 9 Wright and Miller, Federal Practice and Procedure: Civil § 2537, p. 599.

Applying the rule to the evidence here, the result is that the evidence was sufficient to take the case to the jury and support a verdict for plaintiff. We cannot say that had p'aintiff not relied on the admission of the testimony of the pathologist, she would not have successfully gotten evidence of causation before the jury. Nor do we, on this appeal, find it necessary to determine the competency of the testimony of the pathologist. Suffice it to say, the court should have denied defendants' motion for judgment notwithstanding the verdict. The matter must be remanded for judgment reinstating the verdict of the jury.

Remanded.

Judges HEDRICK and ARNOLD concur.