CRYSTAL SMITH POLK v. WALTER JUNIOR BILES AND THE TOWN OF NOR-WOOD

No. 8720SC763

(Filed 15 November 1988)

1. **Automobiles and Other Vehicles § 50.4— collision between garbage truck and automobile—evidence of injury—sufficient**

   The trial court did not err in an action arising from a collision between a garbage truck and an automobile by denying defendants' motions for a directed verdict and judgment n.o.v. where defendants argued that the evidence did not show that plaintiff was injured, but the evidence taken in the light most favorable to plaintiff and disregarding disputed testimony of a more serious injury showed that plaintiff had a numb head and sore body and was examined and X-rayed at a hospital immediately after the accident.

2. **Evidence § 50.4; Appeal and Error § 30.2; Trial § 15— automobile accident—medical testimony as to injuries—properly admitted**

   In an action arising from a collision between an automobile and a garbage truck, defendants' arguments concerning portions of plaintiff's doctor's testimony were without foundation because defendants' assignments of error did not state the basis upon which error was assigned and because substantially the same testimony was admitted elsewhere without objection. Moreover, defendants' arguments are without merit in that the doctor merely stated his findings in examining and treating plaintiff and, even if the testimony is characterized as opinion, it does not have to be expressed in terms of reasonable probability or certainty. Furthermore, an orthopedic specialist is qualified to conclude whether a patient's reactions to tests are genuine or feigned. North Carolina Rules of App. Procedure, Rule 10(c), N.C.G.S. § 8C-1, Rules 702 and 703.

3. **Automobiles and Other Vehicles § 90.4— automobile collision—instruction on damages—proper**

   The trial court did not err in an action arising from the collision of an automobile with a garbage truck by instructing the jury that it could consider future pain and suffering, future medical expenses, and loss of use of part of plaintiff's body on the damages issue where there was testimony that plaintiff's condition would probably not improve any further, that she would have a degree of pain for the rest of her life, and that she would have to be trained to adjust to that reality.

APPEAL by defendants from *Walker, Russell G., Jr., Judge.* Judgment entered 26 May 1987 in Superior Court, STANLY County. Heard in the Court of Appeals 6 January 1988.

In this action to recover for personal injuries allegedly sustained in a collision between an automobile driven by plaintiff and

Polk v. Biles

a garbage truck driven by the individual defendant, an employee of defendant municipality, the jury found that plaintiff was injured by the negligence of the defendants, that plaintiff was not contributorily negligent, and was entitled to recover $60,000. The court, with plaintiff's consent, reduced the damages to $24,537.35 and entered judgment accordingly.

Plaintiff's evidence, viewed in its most favorable light, was to the following effect: While her car was stopped at an intersection waiting to make a left turn, it was hit by defendant's loaded garbage truck and knocked approximately thirty feet off the road into a field. In the collision she was thrown forward; immediately afterward she had glass in her hair, the top of her head was numb, she felt "shook up" and sore, and was taken to the hospital where she was examined, X-rayed, released, and charged $99. "A couple of days later," upon awakening she could not move, her neck was "real stiff," and there was a "twisting knife stabbing pain" in her neck and back. She was examined and treated by several different doctors, who prescribed anti-inflammatory medications, analgesics and various therapies. Her condition did not materially improve and the pain she felt three days after the accident was still as bad three years later as it was when it first occurred. Before the collision plaintiff's health was generally good and she had no back or neck pain; since the accident she has not been able to do several household chores that she did before. Dr. Wassel, who examined plaintiff in April of 1985 and treated her through the end of 1986, diagnosed her as having chronic cervical strain, prescribed physical therapy to reduce her inflammation and spasm, and administered various medications with only minimal improvement. He testified, *inter alia*, that: He found evidence of muscle spasms in the muscles of plaintiff's neck and shoulder, a reduced range of motion in the neck, and no evidence that she was malingering; and he expressed the opinion that plaintiff's condition was consistent with being injured in the accident described, that she would not improve anymore, would continue to have a degree of pain in the future, and would have to be trained to adjust to it.

*Taylor and Bower, by H. P. Taylor, Jr., for plaintiff appellee.*

*Caudle & Spears, by Thad A. Throneburg and Lloyd C. Caudle, for defendant appellants.*

PHILLIPS, Judge.

[1] The first question we resolve, the second argued, is whether the court erred in denying defendants' motions for a directed verdict and judgment notwithstanding the verdict. The basis for the motions was not that the defendants were not negligent in driving their garbage truck into plaintiff's car, but that the evidence does not indicate that she was injured as a consequence. Injury, damage, or loss is, of course, a requisite of any negligence action. But the injury, damage or loss does not have to be either extensive, permanent, serious or substantial; it only has to be actual. Prosser, Law of Torts Sec. 30 (3rd ed. 1964). Thus, the question is not whether the evidence is sufficient to show that plaintiff was seriously or permanently injured, though some of defendants' argument is along that line, but only whether it is sufficient to show that she was actually injured and damaged at all. Obviously the evidence is sufficient to show that. In arguing otherwise defendants do not address plaintiff's evidence in the light that we must view it, but they dwell upon inconsistencies and contradictions in her evidence and upon testimony by Dr. Wassel that they contend was inadmissible. These arguments are irrelevant to this question for three obvious reasons: First, on a motion for directed verdict conflicts in the evidence unfavorable to the plaintiff must be disregarded. *Chandler v. Moreland Chemical Co.*, 270 N.C. 395, 154 S.E. 2d 502 (1967). Second, in determining the sufficiency of evidence to withstand a motion for a directed verdict all evidence received, whether competent or not, must be considered. *Dixon v. Edwards*, 265 N.C. 470, 144 S.E. 2d 408 (1965); *Jenkins v. Starrett Corp.*, 13 N.C. App. 437, 186 S.E. 2d 198 (1972). Third, leaving aside Dr. Wassel's testimony, the evidence that plaintiff had a numb head and sore body (for which she was examined at the hospital and X-rayed at a cost of $99) immediately after defendant's garbage truck knocked her car into the field is clearly sufficient to support the inference that she was actually injured and damaged to some extent by the collision.

[2] Two other questions defendants argue — whether the court erred in permitting Dr. Wassel to testify that the neck pain and other symptoms and signs plaintiff reported and manifested were "not unusual" in light of her history and were "consistent with" being in the kind of accident reported, and that in examining and treating her he detected nothing to indicate she was malingering

and did not think she was—have no proper foundation, because none of the assignments of error relied upon states the "basis upon which error" was assigned as Rule 10(c), N.C. Rules of Appellate Procedure requires. Thus, these assignments are overruled. Furthermore, defendants waived the exceptions involved when Dr. Wassel testified to substantially the same effect on other occasions without objection. *Glace v. The Town of Pilot Mountain*, 265 N.C. 181, 143 S.E. 2d 78 (1965). In any event the arguments made are without merit. Defendants' main argument against the admissibility of each segment of medical testimony stated above is that it was not expressed in terms of "reasonable probability or certainty," but it did not have to be so couched. The testimony objected to simply stated what the doctor did and did not find in examining and treating plaintiff and is no more objectionable than would be testimony that he found her heartbeat to be normal and her blood pressure to be high; for all medical findings necessarily involve comparisons with norms of some kind. And if the testimony is characterized as opinion, it is clearly authorized by Rules 702 and 703, N.C. Rules of Evidence, without being in the stereotyped form argued for. *Cherry v. Harrell*, 84 N.C. App. 598, 353 S.E. 2d 433, *disc. rev. denied*, 320 N.C. 167, 358 S.E. 2d 49 (1987). Another argument made against the admissibility of Dr. Wassel's testimony that he saw nothing in his examination and treatment of the plaintiff to indicate that she was malingering is that he was not qualified to so testify because he is neither a psychiatrist nor a psychologist. No authority is cited for this argument and so far as we can ascertain none exists. Which is not surprising, since it would seem that an orthopedic specialist who daily tests the ability of patients to move their muscles and joints without pain is qualified, if anyone is, to conclude whether a patient's reactions to the tests are genuine or feigned.

[3] Defendants' final contention—other than one addressed to the court's discretion, under Rule 59, N.C. Rules of Civil Procedure, in failing to order a new trial, which requires no discussion—is that the court erred in instructing the jury that on the damages issue it could consider future pain and suffering, future medical expenses, and loss of use of part of her body. The instruction was not erroneous; it was based upon Dr. Wassel's testimony that plaintiff's condition would probably not improve any further,

that she would probably have a degree of pain for the rest of her life, and would have to be trained to adjust to that reality.

No error.

Judges JOHNSON and ORR concur.