***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Chief Deputy Commissioner Gheen and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of Chief Deputy Commissioner Gheen.
 ***********
The following documents were admitted into evidence by the Deputy Commissioner as:
 EXHIBITS
1. Defendant's Exhibit #1: Selected medical records.
2. Court #1: Complete medical records of plaintiff.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was incarcerated by defendant, North Carolina Department of Correction ("NCDOC"), at Odom Correctional Institution on November 8, 2000.
2. At approximately 7:00 p.m., following supper, plaintiff returned to his living quarters and suddenly became ill, experiencing nausea accompanied by fever.
3. Plaintiff attempted to seek medical assistance, which required that he exit a secured dormitory. Exiting the dormitory requires an NCDOC correctional officer to open a secure door that is under the exclusive care, custody, and control of the correctional officer.
4. Because other inmates had abusively used the intercom system, NCDOC employees had deliberately disabled the intercom system by which inmates contact correctional officers at the time plaintiff attempted to gain assistance. Reasonable inferences from the testimony establish that Correctional Officer Joyner saw plaintiff's attempts to activate the intercom and failed to respond. Plaintiff did not see any other correctional officers in the general dormitory area.
5. While attempting to gain the attention of a correctional officer, plaintiff's vomiting continued, and ultimately he defecated on himself. Plaintiff left the area to clean himself and returned to his living quarters.
6. Plaintiff asked fellow inmates to alert correctional officer that he required assistance, though there is no evidence that other correctional officers were in fact alerted.
7. Plaintiff did not receive medical attention throughout the balance of the night and contends he was unable to see medical personnel for several days even though he continued to alert correctional officers in his dormitory that he required assistance. Plaintiff further contends that the medical condition arising on November 8, 2000, requires active treatment with medications for his stomach.
8. An NCDOC grievance proceeding concluded that because of the safety and security concerns, NCDOC employees should not disable the intercom system. A "main" intercom system remained activated but the evidence presented failed to explain how the "main" system worked or whether it was available for plaintiff's use at the time of his illness given his medical condition.
9. Plaintiff's extensive medical records fail to disclose that he reported his illness or the events of November 8, 2000, to NCDOC medical personnel during medical visits on December 1, 2000, or January 15, 2001. NCDOC medical records fail to support plaintiff's contention that he requires medication for any condition related to his illness on November 8, 2002.
10. The Full Commission finds that plaintiff suffered gastrointestinal distress, including vomiting and diarrhea, on November 8, 2000, and was unable to obtain medical attention because NCDOC employees deactivated the intercom system. The evidence of record supports a finding that plaintiff's painful physical symptoms went untreated for more than twenty-four hours.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. In an action for recovery of damages for injury resulting from actionable negligence the plaintiff must show: (1) that there has been a failure on the part of defendant to exercise proper care in the performance of some legal duty which the defendant owed the plaintiff under the circumstances in which they were placed; and (2) that such negligent breach of duty was the proximate cause of the injury, a cause that produced the result in continuous sequence, and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such result was probable under the facts as they existed. Luttrell v. Carolina Mineral Co., 220 N.C. 782, 789,18 S.E.2d 412, 417 (1942) Also, the principle prevails in this State that what is negligence is a question of law, and when the facts are admitted or established, the Court must say whether it does or does not exist.Id. This rule extends and applies not only to the question of negligent breach of duty, but also to the feature of proximate cause. Id.
2. The NCDOC correctional officers were under a duty not to disarm the intercom system by which inmates of the NCDOC communicate with correctional officers under circumstances that would not foreseeably produce injury. NCDOC correctional officers who disabled the intercom system November 8, 2000, while plaintiff was enclosed in an area from which he could not exit, constitutes negligence. N.C. Gen. Stat. §143-291(a); Luttrell., 220 N.C. at 789, 18 S.E.2d at 417.
3. It was reasonably foreseeable under the circumstances that an inmate of the NCDOC, including plaintiff, would not be able to secure medical assistance timely given the inability to communicate with correctional officers in charge of their care. Luttrell., 220 N.C. at 789,18 S.E.2d at 417.
4. The greater weight of the evidence establishes that, as a proximate cause of the negligence of correctional officers, plaintiff experienced pain and suffering from his illness for more than twenty-four hour before medical attention could be obtained, prolonging plaintiff's physical discomfort. Luttrel, 220 N.C. at 789, 18 S.E.2d at 412; and Polk v.Biles, 92 N.C. App. 86, 373 S.E.2d 570 (1988) (holding: "Injury, damage, or loss is, of course, a requisite of any negligence action. But the injury, damage or loss does not have to be either extensive, permanent, serious or substantial; it only has to be actual.").
5. A fair and reasonable amount for plaintiff's damages resulting from the incident on November 8, 2000, is $400.00. N.C. Gen. Stat. §143-299, et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Defendant shall pay plaintiff money damages in the amount of $400.00.
2. Defendant shall pay the costs.
This 15th day of March 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER