JEM ROBINSON v. J. B. BENTON ET AL.

(Filed 25 November, 1931.)

1. **Reformation of Instruments C d—Evidence held sufficient to be submitted to jury on issue of mutual mistake.**

   In an action upon a note given by the owner of a· newspaper there was in evidence a bill· of sale made by him to another who was made a party defendant in the present action. A controversy arose between the defendants as to whether by inadvertence or mutual mistake of the parties an agreement was omitted from the writing in the bill of sale that the purchaser would assume liability upon the note in suit. Before the vendor would sign the bill of sale an exception from the covenant and warranty of title was inserted, excepting "a certain suit pending in the Superior Court" of the county (the present action) : *Held,* it was error for the trial court to withdraw from the jury the relevant issues as to these matters, there being sufficient evidence thereon ; and, *Held further:* the wording of the exception was ambiguous admitting parol evidence in explanation.

2. **Evidence J a—Where writing is ambiguous parol evidence is admissible to make certain the agreement of the parties.**

   Where a written instrument is so expressed as to leave its meaning doubtful parol evidence is ordinarily admissible to show and make certain what the actual agreement between the parties really was.

APPEAL by defendants McD. Morrison, George R. Robinson and J. A. Chestnutt, and also Henry Vann from *Grady, J.,* at March Term, 1931, of SAMPSON. New trial.

*No counsel for plaintiff.*
*A. McL. Graham for Morrison et al.*
*Butler & Butler for Henry Vann.*

CLARKSON, J. McD. Morrison *et al.,* excepted and assigned error and appealed to this Court on the charge of the court below: "Now gentlemen of the jury, there are two issues which you will see on this paper, which I will hand you later on, as to whether or not there was such an agreement and whether or not it was left out of the paper by mutual

mistake of the parties, or inadvertence of the draftsman. You need not answer those issues '1 and 2,' they are withdrawn from your consideration, and I am now withdrawing from your consideration, any evidence bearing upon the issues one and two, and you need not consider any of the evidence bearing upon those two issues." Issues one and two are as follows:

"1. At the time of the execution of the bill of sale from W. E. Matthews to Henry Vann on 8 January, 1929, was it understood and agreed between the parties that said bill of sale should contain a stipulation on the part of the said Henry Vann that he would indemnify and save harmless the said W. E. Matthews and his sureties on a certain note in the sum of $1,000, which at that time was being sued on in this action as alleged in the answer of George R. Robinson *et al.?*

2. If so was said stipulation omitted from said contract and bill of sale through the inadvertence of the draftsman, or by the mutual mistake of the parties, as alleged in the answer?"

We have read the record and briefs of the parties carefully. We think that the first and second issues are material to determine the controversy.

On 8 January, 1929, W. E. Matthews made a transfer of certain personal property to Henry Vann, a part of the bill of sale is as follows: "A newspaper known as the *Sampson Observer,* located at Clinton, North Carolina, together with the subscription list, good will and good name of said paper and any and all things which goes to make up and constitute said *Sampson Observer.* To have and to hold the same unto the said Henry Vann, his heirs and assigns. And the said W. E. Matthews hereby warrants the said property as above set out to be free from any and all liens, claims and encumbrances, and he does hereby warrant the title to be good and indefeasible, *except as to a certain suit pending in Sampson Superior Court entitled Jem Robinson v. J. B. Benton et al.*" (Italics ours—which is the interlineation inserted.) The interlineation was inserted by said Matthews before he would sign said bill of sale. This is a controversy between the defendants, and the suit referred to is the present action, and thereafter Henry Vann was made a party defendant.

Under the facts and circumstances of this action, we think the evidence sufficient to be submitted to the jury on the first and second issues, and further, the *interlineation* in the bill of sale seems to be ambiguous, without parol. If the writing leaves it doubtful or uncertain as to what the agreement was, parol evidence is competent to show and make certain what was the real agreement. *Hite v. Aydlett,* 192 N. C., at p. 170. See, also, *Cumming v. Barber,* 99 N. C., 332; *Evans v. Freeman,*

142 N. C., 61. In the suit pending referred to (in the "except" clause) which is the present action, a contention was being made in the suit that on the same property transferred by this bill of sale there was a prior encumbrance to secure certain sureties—McD. Morrison *et al.* The personal property in the bill of sale could not be warranted to be free from any and all liens, claims and encumbrances, and the title to be good and indefeasible, if there was a lien to secure the sureties in the suit referred to in the "except" clause, which is the present action.

The record is not very well gotten up. Morrison, Robinson and Chestnutt are appellees contending the judgment below was correct. Henry Vann, appellant, contending the judgment below was incorrect. Morrison, Robinson and Chestnutt, are also appellants contending, if the judgment of the court below is erroneous, that the first and second issues should be submitted to the jury.

The exception and assignment of error made by appellant Morrison *et al.,* is well taken, and the issues should have been submitted to the jury. We do not discuss other matters presented, as the case goes back for a new trial. For the reasons given, there must be a

New trial.