GARY S. BEAL v. K. H. STEPHENSON SUPPLY COMPANY, INC.

No. 7711SC487

(Filed 6 June 1978)

1. **Rules of Civil Procedure § 50— motion for directed verdict—judgment n.o.v.— consideration of all admitted evidence**

    All evidence admitted, whether competent or not, must be given full probative force in determining the correctness of a directed verdict or of a judgment notwithstanding the verdict.

2. **Evidence § 32.2— parol evidence rule—term of employment contract**

    Testimony tending to show that the contract of employment sued on was for a definite term of three years did not violate the parol evidence rule where other evidence showed that the written contract was not the complete agreement between the parties, and the testimony did not contradict or change any provision of the written contract.

3. **Master and Servant § 10.2— employment contract—wrongful discharge—judgment n.o.v.**

    The trial court erred in granting defendant's motion for judgment notwithstanding the verdict for plaintiff in an action on a contract of employment where the evidence, including testimony that the contract was for a definite term, did not require a finding that there was just cause for defendant's discharge of plaintiff.

4. **Rules of Civil Procedure § 50— judgment n.o.v.—necessity for motion for new trial**

A party gaining judgment notwithstanding the verdict must also seek a ruling on a motion for a new trial if he wishes to allege any error in the trial or to preserve for appellate review any question other than the sufficiency of the evidence.

APPEAL by plaintiff from *McLelland, Judge.* Judgment entered 16 March 1977 in Superior Court, LEE County. Heard in the Court of Appeals 9 March 1978.

Plaintiff brought this action for damages alleged to have resulted from defendant's wrongful breach of a contract of employment. His testimony tended to show that he contracted with the K. H. Stephenson Supply Company to work as an accountant from 15 April 1973 to 31 December 1976 at a specified salary, and that the terms of the contract required him to perform accounting services for the Stephenson Company and related companies. The plaintiff also introduced into evidence the following paperwriting executed by himself and Kyle H. Stephenson, the president of K. H. Stephenson Supply Company, Inc.

"This agreement, made this 26th day of March, 1973, between Gary S. Beal, of the first part, and Kyle H. Stephenson of K. H. Stephenson Supply Co. of the second part, witnesseth:

That the said Gary S. Beal agrees faithfully and diligently to serve the said Kyle H. Stephenson, as controller, in the office of the said K. H. Stephenson Supply Co. for the sum of $15,000 per annum. In consideration of which service so to be performed the said Kyle H. Stephenson agrees to pay the said Gary S. Beal the sum of $1,250.00 per month.

The following conditions of employment are to be made a part of the contract:

(a) The movement of household goods of Gary S. Beal are to be paid by K. H. Stephenson Supply Co.

(b) A minimum of two weeks paid vacation is to be granted per annum.

(c) Salary increments are to be 5%, 7½%, and 10% for the three year period beginning January 1, 1974. The base

Beal v. Supply Co.

for these increments will be the per annum gross salary of the prior year.

(d) Company provided transportation will be mutually agreed upon at a later date.

In witness whereof, the parties to these presents have hereunto set their hands and seals, the day and year first above written."

Plaintiff's evidence tended to show that he was discharged, without just cause, on 17 December 1974. Defendant offered evidence tending to show that plaintiff's dismissal from employment had been for just cause. Defendant's motion for a directed verdict was denied. The jury answered the issues in plaintiff's favor and awarded him $8,846.88 in damages.

Defendant moved for a judgment notwithstanding the verdict, contending that plaintiff's evidence disclosed just cause for defendant's discharge of plaintiff. He did not move in the alternative for a new trial. Defendant's motion, as made, was denied. The judge, on his own motion, however, entered judgment for defendant notwithstanding the verdict because he then felt that testimony, which should have been excluded under the parol evidence rule, had been erroneously considered by the jury.

Plaintiff's action was dismissed with prejudice.

*McDermott & Parks, by O. Tracy Parks III, for plaintiff appellant.*

*Hoyle & Hoyle, by Kenneth R. Hoyle and J. W. Hoyle, for defendant appellee.*

VAUGHN, Judge.

[1, 2] Plaintiff's appeal presents the question of whether judgment notwithstanding the verdict was properly entered against him. Judgment notwithstanding the verdict should be granted only when the evidence is insufficient as a matter of law to support the verdict. Where the evidence admitted at trial, taken in the light most favorable to the non-moving party with all reasonable inferences drawn in his favor, is sufficient to support the verdict, it should not be set aside. *Summey v. Cauthen,* 283

N.C. 640, 197 S.E. 2d 549 (1973); *Brokers, Inc. v. High Point City Board of Ed.*, 33 N.C. App. 24, 234 S.E. 2d 56 (1977), *cert. den.*, 293 N.C. 159, 236 S.E. 2d 702. The ground for granting judgment notwithstanding the verdict was that the jury had before it parol evidence that added to the written agreement and thus violated the parol evidence rule. The parol evidence was admitted over defendant's objection and tended to show that the employment contract was for a definite term of three years. The general rule is that all evidence admitted, whether it be competent or not, must be given full probative force in determining the correctness of a directed verdict or of a judgment notwithstanding the verdict. *Bishop v. Roanoke Chowan Hospital, Inc.*, 31 N.C. App. 383, 229 S.E. 2d 313 (1976); *see Dixon v. Edwards*, 265 N.C. 470, 144 S.E. 2d 408 (1965).

The trial judge, however, stated that the parol evidence rule was "not really a rule of evidence, but of substantive law" and that plaintiff's parol evidence, as a matter of law, could not be used to prove that there was a definite term of employment. We note, however, that the Supreme Court of North Carolina has elected to treat the rule as one of evidence in the sense that evidence admitted in violation of the rule, if admitted without objection, may be considered and allowed to prove facts that would otherwise not be provable at all. *Bishop v. DuBose*, 252 N.C. 158, 113 S.E. 2d 309 (1960). In *Products Corporation v. Chestnutt*, 252 N.C. 269, 275, 113 S.E. 2d 587, 593 (1960), the Court noted that, while there was much authority for the proposition that the rule was not one of evidence but of substantive law, "[t]here are North Carolina decisions which treat it solely as a rule of evidence." The Court then declined to explore the question further, and we need not do so on this appeal. Our conclusion is that parol evidence was properly admitted to prove a definite three-year term of employment.

When a contract is reduced to writing, parol evidence cannot vary its terms. When a contract is partially parol and partially written, parol evidence may prove the parol terms. *Hoots v. Calaway*, 282 N.C. 477, 193 S.E. 2d 709 (1973); *Williams & Assoc. v. Ramsey Products Corp.*, 19 N.C. App. 1, 198 S.E. 2d 67, 69 A.L.R. 3d 1348 (1973), *cert. den.*, 284 N.C. 125, 199 S.E. 2d 664.

[3] "A contract for service must be certain and definite as to the nature and extent of the service to be performed, the place

where, and the person to whom it is to be rendered, and the compensation to be paid, or it will not be enforced." *Croom v. Goldsboro Lumber Co.*, 182 N.C. 217, 220, 108 S.E. 735, 737 (1921); *McMichael v. Borough Motors, Inc.*, 14 N.C. App. 441, 444, 188 S.E. 2d 721, 722 (1972). The paperwriting which the court apparently characterized as a complete contract purports on its face to be an agreement between plaintiff and Kyle Stephenson individually and calls for the performance of services for K. H. Stephenson Supply Co. The parties both offered evidence which tended to show that plaintiff's employment was terminated due to suspected irregularities in work done for S & H Floral Garden. The paperwriting does not mention S & H, yet the testimony that plaintiff was expected to perform accounting duties for the Floral Garden was undisputed. Indeed, Kyle Stephenson, the president of the defendant corporation, testified that the work for the other business "was all figured in the original contract." This alone is enough to show that the paperwriting did not constitute the entire agreement between the parties. We also point out that the written agreement does not set a date for plaintiff to begin employment even though there is undisputed evidence that the parties agreed that he would begin work on 15 April 1973. Indeed, about the only element of an enforceable employment contract which is definite on the face of the paperwriting is the amount of compensation to be paid. Since the parties agreed there were some other terms, it cannot be said as a matter of law that the paperwriting represented the whole contract between the parties. Evidence that the parties agreed that plaintiff would be employed by K. H. Stephenson Supply Company from 15 April 1973 to 31 December 1976 neither contradicts nor changes that which is written. The only pertinent term from the written agreement provides that "[s]alary increments are to be 5%, 7½%, and 10% for the three year period beginning January 1, 1974." As defendant points out, this provision alone is insufficient to show that the contract was for a definite period. *Freeman v. Hardee's Food Systems, Inc.*, 3 N.C. App. 435, 165 S.E. 2d 39 (1969). Nevertheless, it is not contradicted or changed by an additional contract provision that the term of the employment be from 15 April 1973 to 31 December 1976. Thus the parol evidence as it tended to prove that the contract was for a definite term was properly admitted. When the parol evidence is given its full probative force, it is sufficient to support the verdict. The evidence does not,

when considered in the light most favorable to plaintiff, require a finding that there was just cause for defendant's discharge of plaintiff. The judgment notwithstanding the verdict should be reversed and judgment should be entered on the verdict. *Snellings v. Roberts*, 12 N.C. App. 476, 183 S.E. 2d 872 (1971), *cert. den.*, 279 N.C. 727, 184 S.E. 2d 886; *Musgrave v. Savings & Loan Assoc.*, 8 N.C. App. 385, 174 S.E. 2d 820 (1970).

[4]   Although G.S. 1A-1, Rule 50, provides that "[a] motion for a new trial may be joined with this motion [for judgment notwithstanding the verdict], or a new trial may be prayed for in the alternative," defendant did not at any time move for a new trial. By his failure to seek a conditional ruling on this question, he has also failed to preserve for our review any errors which may have entitled him to a new trial. *See Hoots v. Calaway, supra; see also* 2 McIntosh, North Carolina Practice & Procedure, § 1488.45 (Phillips Supp. 1970). A party gaining judgment notwithstanding the verdict should also ask for a ruling pursuant to G.S. 1A-1, Rule 50(c)(1), on the motion for a new trial if he wishes to allege any error in the trial or to preserve any question other than the sufficiency of the evidence for appellate review.

Reversed and remanded for entry of judgment on the verdict.

Judges PARKER and WEBB concur.