DAVID S. HALL v. HOTEL L'EUROPE, INC., D/B/A HOTEL EUROPA

No. 8314SC934

(Filed 17 July 1984)

1. **Evidence § 32.2; Master and Servant § 10.2— wrongful discharge—terms of employment—parol evidence admissible**

   In an action for wrongful discharge from employment the trial court did not err in denying defendant's motion in limine seeking to prohibit the introduction of parol evidence establishing a fixed term of employment, since the employment contract in question, as stipulated by the parties and admitted in their testimony, was partly written and partly oral in nature so that parol evidence was admissible to establish significant and essential terms; additionally, defendant effectively waived his defense of the inadmissibility of such evidence by failing to object during the trial to the admission of testimony and stipulations establishing these terms.

2. **Master and Servant § 10.3— wrongful discharge—social security payment to employee—no deduction from damages**

   In an action to recover for damages allegedly sustained due to defendant's wrongful breach of an employment agreement, the trial court did not err in granting plaintiff's motion in limine excluding evidence of unemployment benefits received by plaintiff, since an employer may not deduct social security and annuity payments received by an employee from damages owed to that employee for wrongful discharge.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 2 June 1983 in Superior Court, DURHAM County. Heard in the Court of Appeals 5 June 1984.

Plaintiff instituted this suit for damages allegedly sustained due to defendant's wrongful breach of an employment agreement. In his complaint plaintiff alleged that on or about 26 June 1981, the defendant agreed to employ the plaintiff as a chef at the Windmill Restaurant for a period of not less than one year to begin on or about 9 July 1981 at a specified salary of $25,000 per year. Additional insurance and vacation benefits were included. He further alleged that the defendant breached the agreement when the employment was terminated without just cause on or about 9 July 1981.

In answering the complaint, defendant admitted entering the employment agreement with plaintiff, but denied that the employment was for a definite, fixed duration. Defendant alleged that

the employment was "terminable at will by either party" and denied terminating the employment without just cause.

The parties agreed that an "Employment Letter of Agreement" dated 19 June 1981 and signed by the plaintiff on 26 June 1981 was executed between them. The letter reads as follows:

This letter is to finalize the employment agreement between yourself and Hotel Europa.

Your salary will be $25,000.00 per year (payday every second Thursday) beginning July 9, 1981. Life insurance for you in the amount of $15,000.00, disability insurance is included, and major medical/dental is provided for you at a cost of $7.12 per month for dental.

Vacation time will be two weeks after one year.

At trial, defendant was denied a motion in limine seeking to exclude parol testimony concerning negotiations or offers concerning a fixed term of employment. The plaintiff was granted a motion in limine to exclude evidence relating to unemployment compensation received by the plaintiff following termination of the employment. After a jury verdict for plaintiff, judgment was entered in the amount of $20,571 plus interest.

*Nye, Mitchell, Jarvis & Bugg, by John E. Bugg, for plaintiff-appellee.*

*Powe, Porter and Alphin, by Eugene F. Dauchert, Jr., for defendant-appellant.*

ARNOLD, Judge.

[1] Defendant first contends that the trial court erred in denying its motion in limine seeking to prohibit the introduction of parol evidence establishing a fixed term of employment. A motion in limine is used to exclude prejudicial matter in advance of the trial and is addressed to the trial judge's discretion. *State v. Rouf*, 296 N.C. 623, 252 S.E. 2d 720 (1979). No prejudice resulted from the trial judge's denial of the motion since the defendant retained his right to object to such evidence at trial.

Defendant contends that the motion should have been granted in order to prevent the introduction of evidence violative of

the parol evidence rule. The parol evidence rule prohibits the admission of parol evidence to vary, add to, or contradict a written instrument intended to be the final integration of the transaction. 2 Brandis, North Carolina Evidence, § 251, at 266 (1982). In the event that a particular writing is only a partial integration of the agreement, "it is presumed the writing was intended by the parties to represent all their engagements as to the elements dealt with in the writing." *Neal v. Marrone*, 239 N.C. 73, 77, 79 S.E. 2d 239, 242 (1953).

The employment contract in question here was partly written, and partly parol in nature. The parties stipulated prior to trial, as well as admitted in their testimony, that there were numerous other significant and essential terms of the plaintiff's employment agreement with the defendant which had been agreed to by the parties, but were not contained in the "Employment Letter of Agreement," the alleged final employment contract. The parol evidence rule presumes finality with respect only to the written terms in the agreement. Other significant and essential terms, the presence of which was stipulated by the parties, can be established by using parol evidence without violating the rule. Brandis, *supra*, § 253 at 272. The "Employment Letter of Agreement" did not contain a definite term for the duration of the employment, but the evidence indicated that it was negotiated between the parties for the employment to last not less than one year. Thus, the term of employment was properly established with parol evidence. Additionally, the defendant effectively waived his defense of the inadmissibility of such evidence by failing to object during the trial to the admission of testimony and stipulations establishing these other essential facts. *See Griffin v. Wheeler-Leonard & Co., Inc.*, 290 N.C. 185, 225 S.E. 2d 557 (1976), and Brandis, *supra*, § 27 at 98.

This Court decided a remarkably similar case in *Beal v. Supply Co.*, 36 N.C. App. 505, 244 S.E. 2d 463 (1978). In *Beal*, the trial court was reversed for entering a judgment notwithstanding the verdict when the judge felt that certain testimony which should have been excluded under the parol evidence rule was erroneously considered by the jury. That jury determined, on the basis of parol evidence, that an enforceable employment agreement of a fixed duration was entered between the parties. Stipulations there indicated that the written document did not constitute the

**Hall v. Hotel L'Europe, Inc.**

entire agreement between the parties. The only pertinent term given in the document was a specified annual salary. Admittedly, such a provision could not establish a fixed duration of employment, but it was determined to be evidence of an intent to fix a definite duration. The admission of parol evidence that tended to prove the fixed duration was, therefore, deemed proper. *See* Annot., 93 A.L.R. 3d 659, § 4 (1979). When confronted with the same circumstance in the trial at bar, Judge McLelland rightly permitted the introduction of the parol evidence.

In light of *Beal*, we find that defendant's motion in limine was properly denied and the parol evidence concerning the fixed duration of the employment agreement was properly admitted.

[2] Defendant also contends that the trial court erred in granting the plaintiff's motion in limine excluding evidence of unemployment benefits received by the plaintiff. We find no merit in this contention. Since there is no applicable North Carolina authority, defendant relies on a "general rule" that an employer can deduct social security and annuity payments received by an employee from damages owed to that employee for wrongful discharge. This may be the case, however, we adopt the position of reliable authorities from other jurisdictions that relate directly to wrongful discharge issues and do not allow the employer to deduct such amounts from damages owed. *See* 22 Am. Jur. 2d Damages § 209, p. 293 (1965) citing *Bang v. International Sisal Co.*, 212 Minn. 135, 4 N.W. 2d 113 (1942); *Sporn v. Celebrity, Inc.*, 129 N.J. Super. 449, 324 A. 2d 71 (1974); and *Schwarze v. Solo Cup Co.*, 112 Ill. App. 3d 632, 445 N.E. 2d 872 (1983).

Finally, defendant contends that the trial court erred in denying its requested jury issues and instructions on mitigation of damages. After a careful examination of the requested jury instructions and the judge's charge to the jury, we find no merit to the contention. A close reading reveals that Judge McLelland instructed the jury on all issues submitted by defendant, at times quoting directly from the requested set of instructions.

No error.

Judges JOHNSON and EAGLES concur.