R.B. CRONLAND BUILDING SUPPLIES, INC., PLAINTIFF v. LEON J. SNEED AND WIFE, BETSY SNEED, DEFENDANTS v. JAMES J. MAUNEY, JR. AND WIFE, MELISSA H. MAUNEY, THIRD-PARTY DEFENDANTS

No. COA02-1681

(Filed 6 January 2004)

**1. Appeal and Error— appealability—interlocutory order— denial of summary judgment**

Plaintiff's appeal from the denial of summary judgment on its claim against defendant husband in an action to recover a debt allegedly owed by defendants is dismissed as an appeal from an interlocutory order.

R.B. CRONLAND BLDG. SUPPLIES, INC. v. SNEED

[162 N.C. App. 142 (2004)]

### 2.   Loans— debtor—guarantor—guaranty contract

The trial court did not err by granting summary judgment in favor of defendant wife in an action to recover a debt allegedly owed by defendants, because: (1) plaintiff failed to produce evidence that defendant ever executed a loan document as a principal debtor; (2) the complaint alleges an action against defendant as a debtor and not as a guarantor of her husband's debt; (3) the pertinent 1994 document was not a valid guaranty contract since it failed to identify a debtor and does not contain the signature of a debtor; (4) plaintiff's alleged oral explanations to defendant of her liability as guarantor do not create an enforceable contract; and (5) plaintiff's affidavit is not admissible to supply elements missing from the 1994 document.

Appeal by Plaintiff from judgment entered 26 September 2002 by Judge Timothy L. Patti in Superior Court, Gaston County. Heard in the Court of Appeals 7 October 2003.

*Pendleton & Pendleton, P.A., by Wesley L. Deaton, for the plaintiff-appellant.*

*R. Locke Bell, P.C., by R. Locke Bell, for defendants-appellees.*

WYNN, Judge.

This appeal arises from a partial grant of summary judgment in an action by Plaintiff, R.B. Cronland Building Supplies, to recover a debt allegedly owed by Defendants Leon Sneed (a building general contractor), and his wife, Betsy Sneed. We affirm in part and dismiss in part.

[1] Preliminarily, we note that although the record appears to reflect an issue as to whether this appeal is interlocutory, we accept the trial court's certification under Rule 54 that this matter is ripe for review. Accordingly, we will address the merits of Betsy Sneed's appeal. However, Cronland Building Supplies' attempt to appeal from the denial of summary judgment on its claim against Leon Sneed is clearly interlocutory; accordingly, we summarily dismiss that part of the appeal. Thus, we review only the merits of the appeal from the grant of summary judgment in favor of Betsy Sneed.

[2] Regarding the appeal against Betsy Sneed, the record in this case shows that under an undated document entitled "Conditions of Credit Guaranty of Payment," Leon Sneed and his wife, Betsy Sneed signed

on the "Guarantor" lines. However, the document does not contain the name of the debtor, nor is there a signature over the "debtor" line of the document. Apparently, what Cronland Building Supplies sought to obtain with the document, was Betsy Sneed's guaranty of payment for any debts incurred by her husband, a general building contractor. We, however, uphold the trial court's grant of summary judgment in favor of Betsy Sneed for the following reasons.

First, the record shows that Cronland Building Supplies sued Betsy Sneed only as a principal debtor, alleging that she had primary liability for a debt owed to Cronland Building Supplies based upon the alleged contract. However, in this case, Cronland Building Supplies failed to produce evidence that Betsy Sneed ever executed as a principal debtor.[1] Consequently, Cronland Building Supplies failed to produce "a forecast of evidence" showing that it could establish a *prima facie* case at trial that Betsy Sneed was liable for the debt at issue. This basis suffices to support Betsy Sneed's entitlement to summary judgment on this issue.

Second, Cronland Building Supplies argues that Betsy Sneed is liable as a guarantor of her husband's debt. However, the complaint alleges an action against Betsy Sneed as a debtor, not a guarantor. It is well established that "[g]uarantors are not sureties; nor are they endorsers, . . . [t]he obligation of a surety is primary, while that of a guarantor is collateral." *Trust Co. v. Clifton*, 203 N.C. 483, 485, 166 S.E. 334, 335 (1932) (citation omitted). Thus, "[a] surety may be sued as a promisor with the principal debtor; a guarantor may not; his contract must be especially set forth or pleaded." *Id. See also Credit Corp. v. Wilson*, 12 N.C. App. 481, 486, 183 S.E.2d 859, 862 (1971) (holding that "Defendant's contract of guaranty is their own separate contract with plaintiff to pay the debts of [debtor] when due, if not paid by [debtor]. They are not in any sense parties to the note executed by [debtor]"). Since Cronland Building Supplies' complaint neither alleges that Betsy Sneed was a guarantor of her husband's debt nor specifically pleads or sets out a valid guaranty contract, summary judgment was appropriately entered on behalf of Betsy Sneed on this issue.

---

1. "[T]he party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact." *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). However, "[o]nce the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial." *Gaunt v. Pittaway*, 139 N.C. App. 778, 784-85, 534 S.E.2d 660, 664 (2000) (citations omitted).

Finally, we point out that the document submitted by Cronland Building Supplies was not a valid guaranty contract. To support its claim against Betsy Sneed as a guarantor, Cronland Building Supplies submitted (1) a 1994 document signed by Betsy Sneed and her husband as guarantors for an unidentified debtor, but not signed by Cronland Building Supplies, and (2) the affidavit of an officer of Cronland Building Supplies averring that Leon Sneed had "inadvertently" failed to sign the contract as debtor, and that Cronland Building Supplies had orally "explained" to defendant that she was liable as a guarantor of her husband's debt.

"A *guaranty of payment* is an absolute promise by the guarantor to pay the debt at maturity if it is not paid by the principal debtor. The obligation of the guarantor is separate and independent of the obligation of the principal debtor, and the creditor's cause of action against the guarantor ripens immediately upon failure of the principal debtor to pay the debt at maturity." *Credit Corp. v. Wilson*, 281 N.C. 140, 145, 187 S.E.2d 752, 755 (1972) (citation omitted). Thus, rights against guarantors arise out of the guaranty contract and must be based on that contract. "Such an action is not a suit on the primary obligation which the guaranty contract secures, and the guarantor is not liable except under the terms of the guaranty contract." *Id.* (citation omitted).

In this case, Cronland Building Supplies argues that the 1994 document was a guaranty contract under whose terms Betsy Sneed is liable as a guarantor of her husband's debt. However, the contract fails to identify a debtor and does not contain the signature of a debtor. As such, that document does not constitute a valid guaranty contract.

Moreover, to be enforceable, a guaranty contract must be in writing. N.C.G.S. § 22-1 (2001). Therefore, Cronland Building Supplies' alleged oral "explanations" to defendant of her liability as guarantor do not create an enforceable contract. *See Smith v. Joyce*, 214 N.C. 602, 604, 200 S.E. 431, 433 (1939) (holding "to constitute an enforceable contract within the statute of frauds, the written memorandum, though it may be informal, must be sufficiently definite to show the essential elements of a valid contract").

Furthermore, we hold that Cronland Building Supplies' affidavit is not admissible to supply elements missing from the 1994 document. A guaranty contract is subject to the parol evidence rule which "prohibits the consideration of evidence as to anything which happened

prior to or simultaneously with the making of a contract which would vary the terms of the agreement." *Thompson v. First Citizens Bank & Tr. Co.*, 151 N.C. App. 704, 709, 567 S.E.2d 184, 188 (2002) (citation omitted); *see also Wrenn v. Cotton Mills*, 198 N.C. 89, 90, 150 S.E. 676, 677 (1929). However, while parol evidence may be admitted to clarify contract ambiguity, *Robinson v. Benton*, 201 N.C. 712, 713, 161 S.E. 208, 209 (1931), it is not admissible to supply a missing component of a contract. *Rape v. Lyerly*, 287 N.C. 601, 615, 215 S.E.2d 737, 746 (1975). In this case, the contract was fatally defective, not ambiguous. Indeed, there are no terms whose meaning is unclear nor conditions precedent that need explanation. Thus, parol evidence is not admissible. *See Lewis v. Carolina Squire, Inc.*, 91 N.C. App. 588, 595, 372 S.E.2d 882, 886 (1988) (holding "[c]ourts should not under the guise of judicial construction supply key terms omitted by the parties").

In sum, we uphold the trial court's entry of summary judgment for Betsy Sneed. Additionally, we dismiss Cronland Building Supplies' attempt to appeal from the trial court's denial of summary judgment on its claims against Leon Sneed as interlocutory.

Affirmed in part, dismissed in part.

Judges TYSON and LEVINSON concur.