IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-171

Filed: 6 October 2015

Cleveland County, No. 14 CVS 2003

EMPLOYMENT STAFFING GROUP, INC., Plaintiff,

v.

MONICA LITTLE A/K/A MONICA PHILLIPS THOMAS, Defendant.

Appeal by Defendant from order entered 22 December 2014 by Judge Forrest D. Bridges in Cleveland County Superior Court. Heard in the Court of Appeals 26 August 2015.

*Harris & Hilton, P.A., by Nelson G. Harris, for Defendant-Appellant.*

*McGuireWoods LLP, by Jason D. Evans and Andrew D. Atkins, for Plaintiff-Appellee.*

INMAN, Judge.

Monica Little ("Defendant") appeals the trial court's order granting Employment Staffing Group's ("Plaintiff's") motion for a preliminary injunction, contending that the consideration given for the covenant not to compete within the parties' employment agreement was illusory and inadequate. After careful review, we hold that a monetary payment to Defendant in exchange for her signing the Employment Agreement rendered the covenant binding and enforceable, and therefore affirm the decision below. In the context of a non-compete covenant, the

parol evidence rule does not prohibit the trial court from considering parol evidence of consideration when the written contract is silent as to this necessary and essential term.

**Factual and Procedural Background**

On 13 June 2014, Defendant, who had been working for Plaintiff since September 2001, signed an Employment Agreement containing a covenant titled "Limitation on Competition" (the "non-compete covenant"). The non-compete covenant prohibited Defendant from performing for any competing business within a 50-mile radius of Plaintiff's base locations for a period of one year following Defendant's termination any "Protected Duties," defined as those duties Defendant performed for Plaintiff in the two years before her termination. The non-compete covenant also contained a "Limitation on Solicitation" provision, which prohibited Defendant from soliciting Plaintiff's customers for a period of two years following her termination.[1]   Although the non-compete covenant does not contain any discussion

---

[1] The Employment Agreement also contained a provision prohibiting Defendant from disclosing confidential information and trade secrets, and the trial court's order granting Plaintiff's preliminary injunction enforced this provision in addition to the non-compete covenant. However, Defendant's argument on appeal focuses solely on the non-compete covenant and whether it was supported by valuable consideration, a separate analysis from that involved in determining the likelihood of success on a misappropriation of trade secrets claim. *Compare Barr-Mullin, Inc. v. Browning*, 108 N.C. App. 590, 596, 424 S.E.2d 226, 230 (1993) (analyzing the plaintiff's likelihood of success on its misappropriation of trade secrets by determining whether the plaintiff established a *prima facie* case of misappropriation by showing that: "(1) [the] defendant knows or should have known of the trade secret; and (2) [the] defendant has had a specific opportunity to acquire the trade secret"), *and VisionAIR, Inc. v. James*, 167 N.C. App. 504, 510-11, 606 S.E.2d 359, 364 (2004) (clarifying that "[t]o plead misappropriation of trade secrets, a plaintiff must identify a trade secret with sufficient

of consideration, it is undisputed that Plaintiff's human resources director told Defendant that she would be paid $100 for executing the Employment Agreement and that, on 17 June 2014, $100 was directly deposited by Plaintiff into Defendant's bank account.

On 17 November 2014, Plaintiff filed suit against Defendant, claiming breach of the Employment Agreement, conversion, tortious interference with contractual relations, misappropriation of trade secrets, and unfair and deceptive trade practices. The complaint sought compensatory, punitive, and treble damages as well as injunctive relief. On 25 November 2014, Plaintiff moved for a preliminary injunction. According to the allegations in Plaintiff's Motion for a Preliminary Injunction, Defendant had left Plaintiff's employ and shortly thereafter begun soliciting Plaintiff's customers to her new employer, Atlantic Staffing Consultants. Plaintiff's Motion came on for hearing on 5 December 2014.[2] After hearing arguments, Judge

---

particularity so as to enable a defendant to delineate that which he is accused of misappropriating and a court to determine whether misappropriation has or is threatened to occur") (internal citation omitted), *with Horner Int'l Co. v. McKoy*, __ N.C. App. __, __, 754 S.E.2d 852, 856-58 (2014) (analyzing the likelihood of the plaintiff's success on his breach of a non-compete agreement by determining the validity of the non-compete agreement). Defendant's failure to advance any argument challenging the trade secret and confidential information provision of the injunctive order constitutes waiver of the issue on appeal. *See Hammond v. Saini*, __ N.C. App. __, __, 748 S.E.2d 585, 592 n.5 (2013).

[2] In its injunction order, the trial court noted that previously, on 26 November 2014, it had entered an injunction prohibiting Defendant from soliciting Plaintiff's customers and competing with Plaintiff. However, despite receiving notice of the preliminary injunction hearing, Defendant had failed to appear. Based on his "concern about entering a preliminary injunction that would operate during the pendency of this matter without providing [Defendant] with an opportunity to request an additional hearing[,]" Judge Bridges allowed Defendant to request that the November injunction be dissolved for good cause, which she did, and treated the 5 December 2014 hearing on Defendant's Motion for Relief as a hearing on Plaintiff's Motion for a Preliminary Injunction, giving Defendant the opportunity to argue that Plaintiff was not likely to succeed on its asserted claims.

Bridges concluded that "there is a reasonable likelihood that [Plaintiff] will prevail on its claims" and entered an order prohibiting Defendant from:

> 2.    Soliciting or having any further business contact, directly or indirectly, with Ultra-Mek, Inc., any other ESG customer, and any employees of any such company. . . .
>
> 3.  Competing or attempting to compete with ESG in the staffing service industry on her own behalf or on behalf of any other employment staffing firm, directly or indirectly, by performing any duties that she performed within the 730 days immediately preceding her termination from ESG on July 21, 2014. . . .

Defendant timely appeals.

## Appealability

"A preliminary injunction is interlocutory in nature, which means that an order issuing a preliminary injunction cannot be appealed prior to [a] final judgment absent a showing that the appellant has been deprived of a substantial right which will be lost should the order escape appellate review before final judgment." *Copypro, Inc. v. Musgrove*, __ N.C. App. __, __, 754 S.E.2d 188, 191 (2014) (internal quotation marks omitted). However, as our Supreme Court has noted:

> where time is of the essence, the appellate process is not the procedural mechanism best suited for resolving the dispute. The parties would be better advised to seek a final determination on the merits at the earliest possible time. Nevertheless, because this case presents an important question affecting the respective rights of employers and employees who choose to execute agreements involving covenants not to compete, we have determined to address the issues.

*A.E.P. Indus., Inc. v. McClure*, 308 N.C. 393, 401, 302 S.E.2d 754, 759 (1983); *see also*

*Horner Int'l Co. v. McKoy*, __ N.C. App. __, __, 754 S.E.2d 852, 855 (2014). Because

this case presents a time-sensitive issue as to both Plaintiff's and Defendant's rights

under the Employment Agreement and has a substantial effect on their livelihoods,

we address the merits of Defendant's appeal.

## Standard of Review

> The standard of review from a preliminary injunction is essentially *de novo*. Thus, on appeal from an order of a superior court granting or denying a preliminary injunction, an appellate court is not bound by the findings, but may review and weigh the evidence and find facts for itself. Nevertheless, a trial court's ruling on a motion for a preliminary injunction is presumed to be correct, and the party challenging the ruling bears the burden of showing it was erroneous.

*Horner Int'l Co.*, __ N.C. App. at __, 754 S.E.2d at 855 (internal citations and

quotation marks omitted).

> As a general rule, a preliminary injunction is an extraordinary measure taken by a court to preserve the status quo of the parties during litigation. It will be issued only (1) if a plaintiff is able to show *likelihood* of success on the merits of his case and (2) if a plaintiff is likely to sustain irreparable loss unless the injunction is issued, or if, in the opinion of the Court, issuance is necessary for the protection of a plaintiff's rights during the course of litigation.

*A.E.P.*, 308 N.C. at 401, 302 S.E.2d at 759-60 (internal citation omitted).

## Analysis

Defendant contends that Plaintiff is not likely to succeed on the merits because the non-compete covenant was unenforceable due to lack of consideration. Specifically, Defendant alleges that the $100 Plaintiff paid her was illusory because it was not mentioned in the non-compete covenant or anywhere else in the Employment Agreement. Furthermore, Defendant, distinguishing *Hejl v. Hood, Hargett & Associates, Inc.*, 196 N.C. App. 299, 303-305, 674 S.E.2d 425, 428-29 (2009), where this Court found $500 to constitute adequate consideration, argues that the parties in the present case did not contract "at arms length [sic]" because Defendant was already an employee at the time she signed the Employment Agreement and entering into the Employment Agreement "was a condition to continued employment."

A covenant not to compete is valid if the covenant is: "(1) in writing, (2) entered into at the time and as a part of the contract of employment, (3) based on valuable considerations, (4) reasonable both as to time and territory embraced in the restrictions, (5) fair to the parties, and (6) not against public policy." *Hejl*, 196 N.C. App. at 303-04, 674 S.E.2d at 428 (internal quotation marks omitted). "[I]f an employment relationship already exists without a covenant not to compete, any such future covenant must be based upon new consideration." *Milner Airco, Inc. v. Morris*, 111 N.C. App. 866, 869, 433 S.E.2d 811, 813 (1993).

I.    **Illusory Consideration**

The Employment Agreement specified in writing all essential terms of the non-compete covenant except consideration. However, contemporaneous with the execution of the written contract, the parties entered into a separate oral agreement as to the amount of consideration Plaintiff would pay Defendant for signing the non-compete agreement. Defendant relies on the Employment Agreement's merger clause that "[t]his [Employment] [A]greement embodies the entire agreement of the parties relating to the subject matter in this Agreement" to support her claim that the trial court is prohibited from considering any separate oral agreement as to consideration to determine whether the non-compete agreement is enforceable. Thus, the issue is whether the trial court could consider evidence of the parties' outside negotiations as to consideration even though the Employment Agreement contained a merger clause.

As our Court has noted, "merger clauses were designed to effectuate the policies of the Parol Evidence Rule; i.e., barring the admission of prior and contemporaneous negotiations on terms inconsistent with the terms of the writing. North Carolina recognizes the validity of merger clauses and has consistently upheld them." *Zinn v. Walker*, 87 N.C. App. 325, 333, 361 S.E.2d 314, 318 (1987). The parol evidence of the consideration in the present case is not inconsistent with the terms of the Employment Agreement, but it is needed to establish a necessary element for a valid covenant not to compete. In other words, the evidence is necessary to show the existence of a complete contract. "The parol evidence rule excludes prior or

contemporaneous oral agreements which are inconsistent with a written contract if the written contract contains the complete agreement of the parties." *Phelps-Dickson Builders, L.L.C. v. Amerimann Partners*, 172 N.C. App. 427, 436, 617 S.E.2d 664, 670 (2005) (internal quotation marks omitted). As our Supreme Court has clarified,

> [t]his rule applies where the writing totally integrates all the terms of a contract or supersedes all other agreements relating to the transaction. *The rule is otherwise where it is shown that the writing is not a full integration of the terms of the contract. The terms not included in the writing may then be shown by parol.*

*Craig v. Kessing*, 297 N.C. 32, 35, 253 S.E.2d 264, 265-66 (1979) (emphasis added).[3] In *Craig*, the contract at issue had to also be in writing, *see* N.C. Gen. Stat. § 22-2, similar to the written requirement for non-compete agreements.

This Court has previously addressed limitations of the parol evidence rule in the employment contract context. In *Hall v. Hotel L'Europe, Inc.*, 69 N.C. App. 664, 666, 318 S.E.2d 99, 101 (1984), the parties had an employment contract which was partly written and partly parol. They stipulated and admitted that there were significant and essential terms of the employment agreement that they had agreed

---

[3] We note that our Supreme Court's decision appears to conflict with this Court's decision in *R.B. Cronland Bldg. Supplies, Inc. v. Sneed*, 162 N.C. App. 142, 146, 589 S.E.2d 891, 893 (2004). In *R.B. Cronland*, this Court concluded that the parol evidence rule prohibits the consideration of evidence "to supply a missing component of a contract." *Id.* There, at issue was a guaranty contract that failed to identify a debtor and did not include a signature of a debtor. *Id.* This Court held that parol evidence of these missing elements was not admissible. *Id.* However, where there is a conflict between an opinion from this Court and one from our Supreme Court, we are bound to follow the Supreme Court's opinion. *See Crawford v. Commercial Union Midwest Ins. Co.*, 147 N.C. App. 455, 459, n.5, 556 S.E.2d 30, 33 (2001). Thus, we are not bound by *R.B. Cronland* but, instead, must follow the rule enunciated in *Craig*.

upon but were not included in the written contract—specifically, a definite term for the duration of employment. *Id.* This Court noted that "[t]he parol evidence rule presumes finality with respect only to the written terms in the agreement. Other significant and essential terms, the presence of which was stipulated by the parties, can be established by using parol evidence without violating the rule." *Id.* Accordingly, the Court held that "the term of employment was properly established with parol evidence." *Id.*

Similarly, in *Beal v. K. H. Stephenson Supply Co., Inc.*, 36 N.C. App. 505, 509, 244 S.E.2d 463, 466 (1978), the parties had an employment contract where "the only element of an enforceable employment contract which [was] definite on the face of the paperwriting [was] the amount of compensation to be paid." Since the parties agreed that there were other terms that were not included in the written contract, including the employer's name and the employment duration, parol evidence establishing these missing terms was properly admitted. *Id.*

Here, since the Employment Agreement is *silent* as to consideration, an element necessary to form a binding non-compete agreement is absent—but that element is not precluded by any provision in the written agreement. Furthermore, both parties admitted that Plaintiff offered Defendant $100 to sign the non-compete covenant, and it is undisputed that Plaintiff actually paid Defendant $100. Consequently, as in *Hall* and *Beal*, the written non-compete covenant is not fully

integrated, and the merger clause and parol evidence rule do not prohibit the trial court from considering the evidence showing the missing essential term of consideration—that Plaintiff paid Defendant $100 for signing the Employment Agreement. This Court has reached a similar conclusion in a case in which there was no signature on the signature line of the written non-compete agreement. *See New Hanover Rent-A-Car, Inc. v. Martinez*, 136 N.C. App. 642, 646-47, 525 S.E.2d 487, 490-91 (2000) (considering parol evidence to determine whether an employee had signed a non-compete agreement and assented to its terms). In this case, we hold that Defendant's argument that the consideration was illusory because it was not provided for in the Employment Agreement is without merit.

## II.    Inadequate Consideration

Next, Defendant argues that the non-compete covenant was not supported by adequate consideration. This argument is refuted by well-established case law.

Defendant, citing *Hejl*, 196 N.C. at 304-305, 674 S.E.2d at 429, concedes that "[o]ur Courts have generally not evaluated the adequacy of the consideration for a non-competition agreement entered into after the employment relationship already exists, considering the parties to be the judges of the adequacy of the consideration." However, Defendant contends that because the parties in the instant case did not contract "at arms length [sic]," this Court is authorized to "judge the adequacy of the consideration." Defendant alleges that "arms length [sic]" transactions do not involve

"pressure and duress." While it may be true that Defendant felt pressure to sign the non-compete covenant in order to continue her employment, this Court has enforced non-compete agreements under similar circumstances in the absence of fraud. *See generally Hejl*, 196 N.C. App. at 305, 674 S.E.2d at 429 (noting that "the parties dealt at arms length [sic]" even though the plaintiff worked for the defendant at the time he signed the non-compete agreement). Accordingly, we hold that Defendant's argument that this Court may invalidate the non-compete covenant based on the inadequacy of the $100 consideration is without merit.

## Conclusion

For the reasons stated above and based on our review of the record and the applicable law, we affirm the preliminary injunction order.

AFFIRMED.

Judges CALABRIA and STROUD concur.