# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 70

Big Pines, LLC,

Plaintiff, Appellee,

and Cross-Appellant

v.

Biron D. Baker, M.D., and

Biron D. Baker Family Medicine PC,

Defendants, Appellants,

and Cross-Appellees

## No. 20200237

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable William A. Herauf, Judge.

AFFIRMED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Grant T. Bakke (argued) and Shawn A. Grinolds (on brief), Bismarck, ND, for plaintiff, appellee, and cross-appellant.

Mark R. Western (argued), Fargo, ND, and James W. Martens (appeared), Bismarck, ND, for defendants, appellants, and cross-appellees.

**Crothers, Justice.**

[¶1]   Biron D. Baker Family Medicine, PC and Biron D. Baker, M.D., appeal from a district court judgment awarding Big Pines, LLC attorney's fees and costs. We affirm and remand for consideration of attorney's fees on appeal.

I

[¶2]   In 2011, Baker Medicine signed an agreement to lease commercial property from Phoenix M.D., L.L.C. Baker executed the lease personally and for Baker Medicine as its president. The lease contained a personal guaranty, which in pertinent part stated:

> "[T]he Guarantor absolutely and unconditionally guarantees prompt and satisfactory performance of the lease agreement, in accordance with all of its terms and conditions . . . If the Tenant should default in performance of its obligations under the lease agreement according to it's [sic] terms and conditions, the Guarantor shall be liable to the Landlord for all expenses, costs, and damages that the Landlord is entitled to recover from the Tenant, including, to the extent not prohibited by law, all costs and fees incurred in attempting to realize upon this guaranty."

Baker Medicine allegedly vacated the premises several months prior to the end of the lease and in a damaged condition. Phoenix subsequently sold the building to Big Pines. Phoenix assigned its interest in the lease to Big Pines as part of the sale.

[¶3]   Big Pines sued alleging breach of the lease by Baker Medicine and breach of the personal guaranty by Baker. On May 13-15, 2019, a jury trial was held. On May 15, 2019, the jury found Baker Medicine and Baker breached the lease and awarded Big Pines $18,750 in damages. Big Pines later moved for an award of attorney's fees under the personal guaranty. On July 1, 2019, the district court denied Big Pines' request, concluding the personal guaranty was not assigned to Big Pines.

[¶4] Big Pines appealed the district court's interpretation of the lease and personal guaranty, and its denial of attorney's fees. *Big Pines, LLC v. Baker*, 2020 ND 64, 940 N.W.2d 616. This Court reversed and remanded the case for an award of attorney's fees in favor of Big Pines. *Id.* at ¶¶ 1, 20.

[¶5] On April 14, 2020, Big Pines moved for attorney's fees totaling $108,567.50, as well as any future fees and costs until the case is "fully and finally dismissed." On July 27, 2020, the court held an evidentiary hearing on Big Pines' motion. On August 5, 2020, the court granted Big Pines' motion and ordered that Baker and Baker Medicine pay Big Pines $103,138. Judgment was entered on August 19, 2020, after which Baker and Baker Medicine made a timely appeal.

II

[¶6] Baker and Baker Medicine argue the district court erred in calculating the recoverable amount of attorney's fees incurred by Big Pines. Baker and Baker Medicine claim awarding any attorney's fees to Big Pines was inappropriate because the litigation to enforce the lease was not an attempt to "realize upon the guaranty" as required by the agreement. To address this issue, we first must understand the nature of Baker's personal guaranty.

[¶7] The liability of a guarantor will not extend beyond the plain and certain import of the contract of guaranty. *Gen. Elec. Credit Corp. of Tenn. v. Larson*, 387 N.W.2d 734, 736 (N.D. 1986). The language of a contract is to govern if the language is clear and explicit and does not involve an absurdity. N.D.C.C. § 9-07-02. "The whole of the contract is to be taken together so as to give effect to every part if reasonably practicable. Each clause is to help interpret the others." N.D.C.C. § 9-07-06. "Technical words are to be interpreted as usually understood by persons in the profession or business to which they relate, unless clearly used in a different sense." N.D.C.C. § 9-07-10. To determine the meaning of the phrase "to realize upon" the specifics of this guaranty, it is necessary to evaluate the guaranty as a whole. *See* N.D.C.C. § 9-07-06.

## A

[¶8] "The law recognizes two distinct types of guaranty: a guaranty of collection (or conditional guaranty) and a guaranty of payment (or unconditional guaranty)." *Chahadeh v. Jacinto Medical Grp., P.A.*, 519 S.W.3d 242, 246 (Tex. App. 2017) (citing *Cox v. Lerman*, 949 S.W.2d 527, 530 (Tex. App. 1997)). This Court has recognized the distinction between a guaranty of payment and a guaranty of collection, stating:

> "The fundamental distinction between a guaranty of payment and one of collection is that, in the first case, the guarantor undertakes unconditionally that the debtor will pay, and the creditor may, upon default, proceed directly against the guarantor without taking any step to collect of the principal debtor, . . . while, in the second case, the undertaking is that, if the demand cannot be collected by legal proceedings, the guarantor will pay, and consequently legal proceedings against the principal debtor and a failure to collect of him by those means are conditions precedent to the liability of the guarantor, . . ."

*Bank of Kirkwood Plaza v. Mueller*, 294 N.W.2d 640, 644 (N.D. 1980); *State Bank of Burleigh Cty. v. Porter*, 167 N.W.2d 527, 532-33 (N.D. 1969).

[¶9] A guaranty of the payment of debt is different than a guaranty of collection—the former being absolute and the latter being conditional. *See Brown v. Hederman Bros., LLC*, 207 So.3d 698, 702-03 (Miss. Ct. App. 2016) (explaining the contrasts between a guaranty of collection and one of payment, the former allowing the creditor to "seek performance from the guarantor only after the occurrence of some condition," while the latter "is one that requires no condition precedent to its enforcement against the guarantor other than mere default by the principal debtor. . ."); *CoastalStates Bank v. Hanover Homes of South Carolina, LLC*, 759 S.E.2d 152, 157 (S.C. Ct. App. 2014) ("A guaranty of payment is an absolute or unconditional promise to pay a particular debt if it is not paid by the debtor at maturity."); *R.B. Cronland Bldg. Supplies, Inc. v. Sneed*, 589 S.E.2d 891, 893 (N.C. Ct. App. 2004) ("A guaranty of payment is an absolute promise by the guarantor to pay the debt at maturity if it is not paid by the principal debtor."); *AMA Mgmt. Corp. v.*

3

*Strasburger*, 420 S.E.2d 868, 872 (S.C. Ct. App. 1992) (A guaranty of payment "is a personal obligation running directly from the guarantor to the creditor which is immediately enforceable against the guarantor upon default of the debtor."). A guaranty of payment binds the guarantor to pay the debt at maturity. *Kee v. Lofton*, 737 P.2d 55, 59 (Kan. Ct. App. 1987). A guaranty to secure "due and punctual performance and payment" is a guaranty of payment. *Tenet Healthsystem TGH, Inc. v. Silver*, 52 P.3d 786, 789-90 (Ariz. Ct. App. 2002). On the debtor's default, the underlying obligation becomes fixed and the creditor need not make a demand on the principal debtor before pursuing the guarantor. *See Sneed*, 589 S.E.2d at 893 (In a guaranty of payment, "[t]he obligation of the guarantor is separate and independent from the obligation of the principal debtor, and the creditor's cause of action against the guarantor ripens immediately upon failure of the principal debtor to pay the debt at maturity."); *Marine Midland Bank, N.A. v. Elshazly*, 753 F.Supp. 20, 23 (D. Conn. 1991) ("Under a guaranty of payment contract, the [creditor] need not prove that it proceeded against [debtor], nor unsuccessfully sought payment from [debtor] prior to this suit against [guarantor].").

[¶10] In contrast to a guaranty of payment, a guaranty of collection is a promise that the guarantor will pay the creditor if the creditor cannot collect the claim from the principal debtor, generally following suit against that debtor. *See Forsyth Cty. Hosp. Auth. Inc. v. Sales*, 346 S.E.2d 212, 214 (N.C. Ct. App. 1986) ("A guaranty of collection is distinguished from a guaranty of payment in that the former is a promise by the guarantor to pay the debt only on the condition that the creditor first diligently prosecute the principal debtor without success."). Such a guaranty conditions liability on the creditor exhausting remedies against the debtor. *See Park Bank v. Westburg*, 832 N.W.2d 539, 551 (Wis. 2013) ("Unlike a guaranty of collection, a guaranty of payment does not condition liability upon the creditor exhausting remedies against the debtor.").

[¶11] This Court has concluded a guaranty was absolute based on the following language: "This Guaranty is an absolute and completed one and shall be a continuing one." *Wallwork Lease and Rental Co., Inc. v. Decker*, 336 N.W.2d 356, 358 (N.D. 1983). In *Wallwork*, we held "[t]he underscored language of the

4

guaranty agreement affirms that this is an absolute guaranty, and, accordingly, liability becomes fixed upon default of the debtor." *Id*. To create a conditional guaranty, the drafter must include language creating a condition precedent to the guarantee's ability to proceed against the guarantor. *See Citizens' State Bank of Rugby v. Lockwood*, 156 N.W. 47, 52 (N.D. 1915) ("We look in vain for any expression in the contract itself . . . to show that the parties to this agreement intended . . . to constitute a guaranty of collection, or any form of indemnity against loss importing the performance by plaintiffs of any condition precedent to the liability of the defendants."); *Hawaii Leasing v. Klein*, 698 P.2d 309, 313 (Haw. Ct. App. 1998) ("Here, the contract of guaranty was conditional since Defendants' liability was contingent upon Plaintiff's selling the [leased equipment] should [the principal] default under the equipment lease . . ."); *Western Industries, Inc. v. Chicago Mining Corp.*, 926 P.2d 737, 740 (Mont. 1996) ("The express terms of the guaranties require [the guarantee] to *first proceed against [the principal]*, and it is undisputed that this language establishes a condition precedent to the Guarantors' liability.").

[¶12] Here, the guaranty contained no limiting language, nor did it impose a condition precedent to Big Pines' ability to proceed directly against Baker as guarantor. Instead, the guaranty provided that should Baker Medicine default in its performance of lease obligations, Baker would be individually liable to Big Pines for all expenses, costs, and damages Big Pines would be entitled to collect from Baker Medicine. Consistent with the guaranty's language, Big Pines sued both parties and obtained judgment "against Defendants Biron D. Baker, M.D. and Biron D. Baker Family Medicine PC in the amount of $18,750 together with such post-Judgment interest as shall accrue under this Judgment pursuant to North Dakota law."

[¶13] We conclude the guaranty was absolute, and a guaranty of payment rather than one of collection. However, our conclusion begins rather than concludes our analysis because the guaranty must be read as a whole, and we must consider the effect of the remaining language on the guarantor's obligation.

5

## B

[¶14] In addition to a guaranty of payment, the contract here permits recovery of "all costs and fees incurred in attempting to realize upon this guaranty." Baker and Baker Medicine argue "to realize upon" means to convert noncash assets into cash. Baker and Baker Medicine claim Big Pines did not incur any recoverable fees because Big Pines could not attempt to realize on the guaranty until Baker Medicine's liability was determined and judgment was entered. Baker further argues Big Pines is not entitled to any attorney's fees because Baker paid the judgment before Big Pines made any post-judgment collection efforts.

[¶15] This Court has not defined "to realize upon," nor have we addressed the phrase under similar circumstances. Black's Law Dictionary defines realization as "[c]onversion of noncash assets into cash assets." Black's Law Dictionary (11th ed. 2019). Other courts have defined "realize" as reducing something to actual cash in hand. *See McFarland v. Northwest Realty Co.*, 362 N.W.2d 98, 100 (S.D. 1985); *Chelan Orchards v. Olive*, 235 P. 805, 806 (Wash. 1925); *Weldon v. Newsom*, 186 P. 516, 517 (Colo. 1920). Further, while we have no specific definition, this Court has used the phrase in the context of a party converting assets into cash. *See Murphy v. Hanna*, 164 N.W. 32, 33 (N.D. 1917) ("[A] failure to so realize upon and convert such assets as were available into cash . . ."). The phrase "to realize upon" is used in the guaranty in a manner consistent with the definitions set out above.

[¶16] In this case, the guaranty was one of payment and Baker was immediately liable upon Baker Medicine's default. Big Pines was not required to proceed against Baker Medicine prior to proceeding against Baker individually. In fact, Big Pines proceeded directly against both Baker Medicine and Baker rather than only against Baker Medicine. Therefore, the costs incurred during litigation to enforce the lease and the personal guaranty were costs incurred in attempting to realize upon the guaranty. The district court did not err in awarding attorney's fees for the litigation against Baker to convert a legal claim into a judgment, and ultimately efforts to convert that non-cash judgment into cash.

## III

[¶17] Baker and Baker Medicine argue that, if attorney's fees are recoverable under the guaranty, the district court abused its discretion by failing to engage in a "lodestar" analysis to determine the reasonableness of the attorney's fees requested by Big Pines.

[¶18] When determining the reasonableness of an award of attorney's fees, "the 'lodestar' amount—the number of reasonably expended hours times a reasonable hourly rate—is presumed to be the reasonable fee." *Thompson v. Schmitz*, 2011 ND 70, ¶ 18, 795 N.W.2d 913. "The calculation of the lodestar figure does not end the analysis, and the presumptively reasonable amount may be varied depending upon other considerations." *Palmer v. Gentek Bldg. Prod., Inc.*, 2019 ND 306, ¶ 24, 936 N.W.2d 552. Other important factors to consider when determining reasonable attorney's fees may be found in N.D.R.Prof. Cond. 1.5(a); *Tillich v. Bruce*, 2017 ND 21, ¶ 11, 889 N.W.2d 899. Rule 1.5(a), N.D.R.Prof. Cond., provides the following guidelines:

> "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent."

[¶19] Although this Court has adopted guidelines to determine a reasonable award of attorney's fees, we also have recognized the decision rests in the sound discretion of the district court. *See First Trust Co. of N.D. v. Conway*, 345 N.W.2d 838, 844 (N.D. 1984). Further, a district court is not required to describe its calculations in detail when awarding attorney's fees so long as this Court can discern a basis for the award. *See Greenwood, Greenwood & Greenwood, P.C. v. Klem*, 450 N.W.2d 745, 748 (N.D. 1990). "An itemized bill may be used to establish attorney's fees." *Riemers v. State*, 2008 ND 101, ¶ 15, 750 N.W.2d 407.

[¶20] Here, the district court evaluated an itemized and detailed bill provided by Big Pines as well as Shawn Grinolds' affidavit and testimony. Grinolds testified to all of the following at the July 27, 2020 evidentiary hearing: (1) the work he completed for Big Pines was necessary and not duplicative; (2) the hourly rates he charged Big Pines were reasonable and less than he charged other clients; (3) Big Pines had only one attorney present throughout litigation while Baker and Baker Medicine had two; (4) the amount of attorney work was more than usual and heightened due to motions and conduct on the part of Baker and Baker Medicine; and (5) the majority of trial time was spent proving damages on the cost of repairs claim. The district court noted the disproportion between the amount awarded and the fees requested. The court noted the time spent on proving the claim for damages was approximately 95% of the total fees requested. The court noted the fees were reasonable and customary for the work provided, and that Baker did not provide evidence to the contrary but relied only on argument. The court also found many of the plaintiff's increased hours on the case were due to conduct by the defense.

[¶21] The district court was not required to make findings on every factor to determine reasonableness so long as this Court is able to discern the basis for the award. We have been provided with a discernible basis for the district court's award of attorney's fees, and we conclude the award is not arbitrary or unreasonable. The court did not abuse its discretion.

## IV

[¶22] Big Pines argues in its cross-appeal that it is entitled to attorney's fees on appeal. "Although this Court and the trial court have concurrent jurisdiction to award attorney's fees on appeal, we have expressed our preference that the initial determination be made by the trial court." *Routledge v. Routledge*, 377 N.W.2d 542, 549 (N.D. 1985). Accordingly, we remand for the district court to determine what attorney's fees Big Pines is entitled to on appeal.

## V

[¶23] We have considered the parties' remaining arguments and conclude they are either unnecessary to our decision or without merit. The district court judgment is affirmed, and we remand with instructions to determine what attorney's fees Big Pines is entitled to on appeal.

[¶24] Jon J. Jensen, C.J.
   Gerald W. VandeWalle
   Daniel J. Crothers
   Lisa Fair McEvers
   Jerod E. Tufte